FRANK R. HUBACHEK v. ESTATE OF HENRY F. BROWN.[1]

July 10, 1914.

Nos. 18,672—(186).

**Waiver of conditions not incorporated in deed.**

1. A deed executed by the vendor and accepted by the vendee in performance of an executory contract for the sale of land is presumed to express the final agreement of the parties, and conditions precedent to the right of either party to require performance of the contract, which are not reserved in and continued by the terms of the deed, are, in the absence of fraud or mistake, deemed waived.

[1] Reported in 148 N. W. 121.

Same — findings of court.

> 2. Evidence *held* not clearly against the findings of the trial court that a deed was executed and accepted in full performance of an executory contract, and that conditions imposed by such contract precedent to the right of the vendor to require performance by the vendee, were waived or abandoned by the mutual consent of the parties.

Frank R. Hubachek, upon the disallowance of his claim against the estate of Henry F. Brown, deceased, by the probate court for Hennepin county, appealed to the district court for that county and framed a complaint demanding judgment for $27,100. The executors of the estate filed an answer alleging that the payment of $37,000 by Frank J. Mackey to the testator was made, and the deed by the testator was delivered, in full compliance with all the terms of the contract mentioned in the opinion. This allegation was denied by the reply. The case was tried before Waite, J., who made findings and ordered judgment in favor of the executors. From an order denying his motion for a new trial, Frank R. Hubachek appealed. Affirmed.

*George S. Grimes* and *Louis A. Hubachek,* for appellant.

*Lancaster, Simpson & Purdy,* for respondents.

BROWN, C. J.

The facts in this case are substantially as follows: On September 27, 1909, Henry F. Brown, now deceased, entered into an executory contract for the sale of certain real property to Frank J. Mackey for the consideration of $40,000, the same to be paid at the time stated in the contract, namely, within 15 days after an abstract was furnished, the time to furnish which was fixed at 10 days from the date of the contract. The land was situated in the suburbs of Minneapolis, and the purpose of the purchase was to plat the same into lots to be sold to third persons. In view of the location of the land the question of street car facilities was considered by the parties, in respect to which the following provision was incorporated in the contract:

"As a part of the consideration of the purchase of said land the first party (Brown) agrees that he will, prior to the payment of said

purchase price, procure the Minneapolis Street Railway Company to enter into an agreement, whereby when said land shall be platted the then owners thereof and their assigns shall have the right thereafter to ride upon said railway from said land into any part of Minneapolis for a five cent fare."

The contract further provided that if the tract of land, upon survey, was found to contain less than 98 acres, a proportionate reduction in the purchase price should be made. The abstract of title was furnished by Brown, and proved satisfactory to Mackey. It was subsequently found that the tract contained less than 98 acres and by mutual consent the purchase price was reduced to $37,000. On the eleventh of October, following the date of the contract, Mackey paid to Brown the sum of $37,000 and the latter executed and delivered to him a deed of the land. There had been no compliance with the provision of the contract requiring Brown, before the property was paid for, to procure the five cent fare privilege from the street car company, and the evidence fails to show what, if anything, was said concerning it at the time of the payment of the purchase money and the delivery of the deed. The record is silent upon that question. On the date of the execution and delivery of this deed Mackey entered into an executory contract to sell the same land to the plaintiff in this action for the consideration of $55,000, the same to be paid at the time therein stated. By a contract bearing the same date Mackey also assigned to plaintiff, as a part of the same transaction, the executory contract with Brown, and all rights accrued and to accrue thereunder, including any claim for damages for a breach thereof by Brown, with the reservation that "this assignment is made without recourse to me in any event whatsoever." Plaintiff subsequently completed his contract of purchase, and thereafter took possession and control of the land. Brown died on December 14, 1912, and in January of the following year respondents herein were named by the probate court as executors of his last will and testament. Thereafter plaintiff presented a claim against the estate for damages for the alleged breach of the contract to procure the five cent fare privilege, claiming therefor the sum of $27,000. The probate court disallowed the claim, and plaintiff appealed to the dis-

trict court. Issues were framed in that court and they were tried without a jury. The court found, in addition to the facts stated, that Mackey accepted the deed from Brown conveying the property to him as a full compliance with the terms and provisions of the executory contract of sale. As conclusion of law the court found that plaintiff was not entitled to the relief demanded. Plaintiff appealed from an order denying a new trial.

The substantial question in the case is whether the findings of the court that the deed was accepted by Mackey as a full compliance with the executory contract are sustained by the evidence.

There can be no serious question that conditions and stipulations in such contracts may be waived or abandoned by the express or implied mutual consent of the parties. And if the deed in this case, in view of the other facts and circumstances presented, was accepted as a full compliance with the executory stipulations, there was necessarily either an abandonment or waiver of the car-fare stipulation. As remarked by Mr. Justice Vanderburgh in Sherwood v. Wilkins, 50 Minn. 152, 52 N. W. 394, an action involving an executory contract for the sale of land: "It was competent for the parties to waive or abandon compliance with the conditions therein. The mutual consent to do so need not be by express words, being equally valid if implied. It is sufficiently implied where, while the contract remains executory, both parties discard it; and this the evidence in the case tends to show." Citing, Bishop on Cont. § 812; Wheeden v. Fiske, 50 N. H. 125; Ford v. Smith, 25 Ga. 679; Parmly v. Buckley, 103 Ill. 119. The same rule was applied in Slocum v. Bracy, 55 Minn. 249, 56 N. W. 826, 43 Am. St. 499, where it was further held that, if the deed in such case be accepted as full performance of the contract, the contract becomes merged in the deed, upon which alone the rights of the parties thereafter rest. These cases express the general view of the law upon the question. 3 Notes on Minn. Reports, 1053; 39 Cyc. 1349, and authorities there cited. It is also settled law in this as well as in a majority of other states that a deed so executed by the vendor and accepted by the vendee, when the provisions thereof differ or depart from those contained in the executory contract, is presumed to express the final

agreement between the parties. Whitney v. Smith, 33 Minn. 124, 22 N. W. 181; Thwing v. Davison, 33 Minn. 186, 22 N. W. 293; 2 Notes on Minn. Reports, 682; 29 Am. & Eng. Enc. (2d ed.) 700. The presumption does not preclude a showing of fraud or mistake, but in the absence of such showing was held conclusive in Griswold v. Eastman, 51 Minn. 189, 53 N. W. 542. The rule stated applies to all stipulations and agreements contained in the executory contract by which the performance of specified acts are expressly made conditions precedent to the right to enforce the same. If any thereof be left unperformed and a deed in performance of the contract be executed and accepted, the presumption, in the absence of fraud or mistake, is that the omitted acts or things so required were waived or abandoned. The rule does not necessarily apply to acts not made conditions precedent, and are to be performed in the future, and continue as a charge upon the estate granted. Taylor v. White River Valley Ry. Co. 27 S. D. 528, 132 N. W. 152, and other like cases cited by appellant, are illustrations of the exception. They have no application to the facts here presented. In this case the executory contract expressly provided that the car-fare privilege should be obtained by Brown before the payment of the purchase price of the property by Mackey. The contract was fully consummated by the payment of the purchase price and the delivery and acceptance of the deed, without requiring or insisting that the car-fare privilege be obtained. If we follow and apply the case of Griswold v. Eastman, supra, and hold the presumption of waiver conclusive, in the absence of fraud or mistake, as there held, there is an end of this case, for there is here no claim of fraud or mistake. And even though the presumption be held *prima facie* only, as stated in the Whitney case, supra, and therefore rebuttable, plaintiff must fail, for as we read the record there is no sufficient evidence to overcome the same; in other words, the evidence is not so clearly against the findings of the trial court as to warrant interference. There is a total lack of evidence tending to disclose any of the negotiations had between the parties at the time the deed was delivered, and nothing to show that the obligation to obtain the car-fare privilege was expressly or otherwise reserved for future negotiations. The letters by Brown

to Dartt do not establish, nor as we view the subject-matter thereof tend to establish, the claim that this feature of the executory contract was reserved for future consideration.  At least the letters standing alone are not sufficient to justify this court in overturning the findings.  Other circumstances disclosed do not corroborate such a theory, on the contrary tend to corroborate and sustain the presumption that this condition of the contract was waived.  No claim against Brown for damages for a breach of the contract was made during his lifetime, and was not brought forward until after his death which occurred nearly three years after the breach occurred, if there was a breach at all.  So that, though the presumption of waiver be treated as *prima facie* only, the conclusion must be that the trial court was not required to find that it had been overcome.

The record presents no reversible error, and the order appealed from must be and is affirmed.

Order affirmed.