## AMANDA E. BERGER AND ANOTHER v. FIRST NATIONAL BANK & TRUST COMPANY OF MINNEAPOLIS AND OTHERS.[1]

December 18, 1936.

No. 31,137.

*John B. Barker,* for appellants.

*Junell, Driscoll, Fletcher, Dorsey & Barker,* for respondent First National Bank & Trust Company of Minneapolis.

*Bowen, Best, Flanagan & Rogers,* for respondents Thorpe Brothers and Thorpe Brothers, Inc.

[1]Reported in 270 N. W. 589.

HILTON, JUSTICE.

Appeal from a judgment entered on the pleadings after an order striking out the replies as sham and frivolous.

This was an action for damages for failure and refusal to furnish a good, marketable, and merchantable title to certain real estate. The basis of the action appears to be a claim that defendants unreasonably delayed carrying out an agreement to furnish to plaintiffs such a title as would permit the construction of a store building on the property in question. Defendants first made a motion to strike out an amended complaint of plaintiff as sham and frivolous. It was denied. That action of the court is not criticized. Subsequently defendants each filed answers in which matters of public record were set up. As an affirmative defense it was alleged that subsequent to the time the purported agreement was made, a deed conveying the property in question was delivered to and accepted by plaintiffs. That deed was recorded by plaintiffs. In it was a restriction that if the premises were improved it should "be by the erection of only one new single family residence building on each lot, costing not less than $3,500.00." Incorporated as part of each answer was a copy of the original agreement, which merely was an offer to purchase on part of plaintiffs. Nowhere in it was there a provision warranting that improvements of any nature whatever could be placed upon the property. A verified copy of an application for a Torrens title to the property, made by plaintiffs, was also included as part of each answer. Plaintiffs, in the replies, set up general denials of all new matters in the answers.

Defendants, after the replies had been served, made a motion to strike said replies as sham and frivolous. An affidavit setting forth the facts of public record was filed in support of the motion. No affidavits were offered in opposition thereto. The motion, after a hearing, was granted and judgment for defendants ordered entered on the pleadings.

That a reply may be stricken as sham or frivolous is well settled. 2 Mason Minn. St. 1927, § 9259; Saunderson v. Haas, 190 Minn. 431, 252 N. W. 83. The falsity of the allegations in a reply may be established by affidavits. Sheets v. Ramer, 125 Minn. 98, 145 N. W.

787.  Here there was not only an affidavit showing that the allegations of the replies were false, to which no affidavits in opposition were filed, but also there were matters of public record as to which there was not even an attempted explanation.  The acceptance and recording of the deed acted as a waiver of any rights that might have existed by virtue of the claimed prior contract, for the latter became *functus officio* on delivery of the deed.  The report of the Torrens title examiner, a matter of public record, indicated that there were no defects in the title conveyed.  The title as voluntarily registered by plaintiffs was specifically subject to the restriction in the deed, *i. e.,* limiting improvements on the premises to the construction of a dwelling house for each lot.  These matters of public record went to the entire foundation of plaintiffs' claim.  There is no allegation of fraud or duress or that the public records did not represent the true situation.  They constituted a complete defense to the allegations of the complaints unless explained away.  It is not urged that the records were not authentic.  There were merely the unverified replies denying generally all the allegations of the answers.  By the affidavit of the moving parties those denials were demonstrated to be sham.  The action of the court in striking the replies and granting judgment on the pleadings was clearly warranted.

Plaintiffs object that the second motion was barred because defendants' first motion, to strike the complaint, constituted an election of remedies.  That position is untenable.  The first motion was not authorized by statute.  The second one was.  The two were entirely different.  Plaintiffs say that the replies were not filed and that therefore the court must have acted without first having seen them.  There is no justification for such a claim.  It was plaintiffs' duty to see that they were filed.  They had been served and service duly admitted.  Obviously the court must have seen copies of them or at least have been informed of the contents thereof.  This much is clearly apparent from the order made.  It is also claimed that no copy of the order granting defendants' second motion was ever mailed to the plaintiffs or their attorney as required by the rules of district court.  There is no showing that plaintiffs were prej-

udiced thereby. That ends the matter. Next it is assigned as error that no opportunity was afforded plaintiffs to amend their replies, as the judge, after granting the second motion, immediately left for his summer vacation. No attempt was made to vacate the judgment nor was leave to amend asked. No stay was sought. There is no merit in that claimed error, nor in the other propositions advanced by plaintiffs.

Affirmed.