## CLAY GROCERY COMPANY v. KENYON CANNING CORPORATION.[1]

December 24, 1936.

No. 30,944.

[1]Reported in 270 N. W. 590.

*Thompson, Hessian & Fletcher* and *Carleton F. Boeke,* for appellant.

*A. J. Rockne,* for respondent.

STONE, JUSTICE.

Action by buyer against seller to recover damages for default in the delivery of sweet corn which was to have been canned by defendant, the seller, for plaintiff, the buyer, during the season of 1934. There was a verdict for defendant, and plaintiff appeals from the order denying its motion for a new trial.

The contract was for the sale to plaintiff of "future goods," 2 Mason Minn. St. 1927, §§ 8380 and 8450(1), consisting of 3,000 cases of "standard golden corn" and 2,000 cases of "extra standard golden corn" f. o. b. defendant's factory at Kenyon, Minnesota. Delivery was to be made "one car when packed" and the balance on or before February 1, 1935. There was a provision allowing the buyer to prorate deliveries which was in this language:

"Seller must not be liable for short, late or non-delivery of goods resulting from damage to crops, strikes, fires, floods, unavoidable casualties or other circumstances beyond its control save that a proportionate delivery shall be made to all buyers, with [sic] discrimination, of the suitable stock remaining in seller's possession after the crop damage, strike, fire, flood or other uncontrollable circumstances."

Defendant delivered only 2,000 cases. Failure to furnish the other 3,000 is sought to be justified as an exercise of its right to prorate deliveries, its default in performance being ascribed to the drought that prevailed in southern Minnesota during the summer of 1934.

Upon defendant was the burden to establish its special and affirmative defense. Its proof of the drought was adequate. But

for reasons to appear later there was failure to show resulting inability to make full delivery.

The answer pleaded the drought as an act of God. It was unnecessary to go quite so far or so high in search of a defense, for any such circumstance beyond defendant's control preventing full delivery and justifying a proportionate delivery was all that was needed by defendant as a basis for a complete defense under its contract; provided, of course, that there was both the cause and effect required by the contract to make a defense.

The contract was silent as to the ground upon which or the area within which the corn was to be grown, or as to how defendant was to supply its 1934 canning operations. Hence it was quite unavailing, and was properly so ruled below, that the answer pleaded that the contract was made "on the basis of * * * 600 acres of seed corn to be planted by the farmers near defendant's plant." Defendant's liability to plaintiff might have been so limited but was not. Anderson v. May, 50 Minn. 280, 52 N. W. 530, 17 L. R. A. 555, 36 A. S. R. 642.

Because of the disastrous effects of the drought, the yield from the 600 acres was not enough to fill the contracts made by defendant. But it did procure, through fortunate circumstances which need not be detailed, a substantial quantity of corn in addition to that yielded by the 600 acres which it had under contract. It sold all of that corn on the open market at a substantial increase in price. It prorated none of it to the purchasers with whom it had originally contracted. Plaintiff got none of it. If there is nothing more to the case, defendant is liable as a matter of law for its failure to deliver to plaintiff the latter's proportionate share of the additional supply. That is because the right of proportionate delivery reserved by the contract had as its subject matter not alone the yield from the 600 acres, but also the whole "suitable stock remaining in seller's possession." That included any additional "stock" procured by defendant.

Under such a contract, it is incumbent upon the seller who has made but a proportionate delivery to show not only the cause justifying that course but also that "it has treated all customers

with absolute fairness," and "done all that could be expected from one whose purpose is but fair dealing," giving each of its customers "the ratable share to which he is entitled under the contract." Acme Mfg. Co. v. Arminius Chemical Co. (C. C. A.) 264 F. 27, 33.

In other words, the right of proportionate delivery, if it has been exercised, must be justified both as to its occasion and the manner of its exercise. The occasion for the limited deliveries cannot be used as a basis for extorting higher prices from the original buyers. Jessup & Moore Paper Co. v. Piper (C. C.) 133 F. 108; Metropolitan Coal Co. v. Billings, 202 Mass. 457, 89 N. E. 115. The cases are reviewed in the annotation "Pro rata Distribution by Seller to Buyers," 74 A. L. R. 995.

There is some claim for defendant that the additional supply of corn procured by it was not up to the standard fixed by the contract. That defense was not pleaded and on the present record cannot be said to have much merit, particularly in view of the fact that plaintiff was given no option to take any of the additional corn, whatever its quality.

There is another point that the additional corn was not the property of defendant. Because certain evidence was excluded, the merits of that contention cannot be passed upon. Mr. L. C. Lange, president of the defendant, seems to have been instrumental in procuring the additional corn, which had been released by another cannery of which he was also president. He may have furnished the money for its purchase. But if he did not own the corn absolutely—if he merely loaned money for its purchase and had only a lien upon it instead of the absolute property in the new supply—there is no help for defendant. If the property in the corn was that of defendant, it became, when canned, part of its "stock" already allocated to the existing contracts of which plaintiff's was only one. No mere debt against or because of the new corn, even though secured by lien, would alter that determinative fact.

On the record as it stands, there is merit to plaintiff's claim that it was entitled to a directed verdict for its damages, to be determined by the jury pursuant to 2 Mason Minn. St. 1927, § 8441(3),

uniform sales act, § 67. However, because there may be an issue for trial arising under the claim of the defense that the additional supply of corn was not defendant's property, we send the case back for a new trial.

The order under review is reversed.

