### ALICE M. BERNARD v. ALVIN R. SCHNEIDER AND ANOTHER.

117 N. W. (2d) 755.

November 2, 1962—No. 38,219.

*Stanley J. Mosio,* for appellants.
*Felhaber, Larson & Fenlon* and *Thomas M. Vogt,* for respondent.

OTIS, JUSTICE.

Appeal from a judgment permanently enjoining defendants from

violating a restrictive covenant against commercial activity on real property conveyed by plaintiff to defendants. The action was tried by the court without a jury.

The property in question includes three one-acre lots adjacent to, and south of, the so-called Hudson Road, being Highway No. 12, in Woodbury Township, Washington County. It appears that on October 8, 1956, the town adopted a zoning ordinance which was in effect at the time of the transactions here in question and restricted this property to commercial use.

Plaintiff's husband died May 12, 1958, and shortly thereafter defendants approached her with a view to purchasing part of her land. Following their negotiations defendants secured a building permit from the town of Woodbury on August 13, 1958. On October 22, 1958, the plaintiff delivered to defendants' attorney an unexecuted deed containing the restrictive covenant which is the subject of this litigation. The following day the deed was properly executed, accepted by counsel for defendants, and recorded. A week later construction on the property was begun by defendants. Mr. Schneider testified that it was not until February 1959 that he discovered there was a restrictive covenant in the deed prohibiting commercial activities, but acknowledged that notwithstanding this disclosure, on March 29 his attorney released the balance of funds which had been held in escrow. The evidence indicates that defendants thereafter made some overtures to obtain a release of the restriction. They were not only unsuccessful but were advised by plaintiff that she would strictly enforce the covenants. Nevertheless, on July 4, 1959, when their building was completed, defendants commenced operating a commercial establishment. In August 1959 plaintiff brought this action for an injunction asserting her rights as an adjoining property owner, in response to which defendants alleged that there had been no acceptance of the deed, that plaintiff represented that the property could be used for limited business purposes, and that the defendants were unaware of the restriction until the building had been constructed. In addition they sought to have the restriction removed and claimed damages.

The trial court found that the deed was received, accepted, and re-

corded by defendants with full knowledge of the restriction, and that the town had acquiesced in the nonconforming use of the property as a dwelling. The court enjoined defendants from further violating the restriction against commercial activity.

We hold that the court's findings are amply supported by the evidence except as they may imply that the town board's action constitutes a compliance with those provisions of the zoning ordinance authorizing a use at variance with the restriction which otherwise applies.

Defendants assign as error the court's determination that the restrictive covenant is valid, its finding that the building permit authorized a dwelling, and its failure to hold that the omission of reference to the restrictive covenant in the earnest money contract precluded its being a valid condition of the deed which followed.

In so far as the provisions of the zoning ordinance are pertinent, they provide:

"Section 4. *Regulations for Commercial-Industrial Districts.*

"Subdivision 1. *Use Regulations.* In the commercial-industrial districts, no building or premise shall be used and no building shall be hereafter erected or structurally altered, except for one or more of the following uses:

"1. All uses permitted in the residential districts whether with or without the securing of a special use permit, *except that dwellings and their accessory buildings are excluded from the commercial-industrial districts.*

\*    \*    \*    \*    \*

"Section 8. *Adjustments and Exceptions.*

"Subdivision 1. The town board shall have the power to make adjustments and exceptions to any of the provisions of this ordinance to the extent of the following and no further:

"1. To vary or modify the strict application of any of the regulations or provisions contained in this ordinance in cases in which there are practical difficulties or unnecessary hardships in the way of such strict application." (Italics supplied.)

The relevant language of the restrictive covenant is as follows:

"* * * no building shall be erected, converted or structurally altered thereon except for a single family dwelling and accessory buildings for each acre of land (the foregoing tract constituting three acres, more or less); gardening and keeping domestic animals (including poultry) for personal use shall be allowed if permitted by the zoning laws; but no farming, gardening or raising of animals of any kind for commercial purposes or for profit and no structures for commercial purposes shall be allowed; * * * ."

The improvement which defendants completed in July 1959 and began to occupy and operate at that time was a two-story dwelling consisting of three bedrooms, a living room, dinette, kitchen, and garage with a 1200-foot-square area in the basement devoted to commercial purposes. On the garage side of the house the basement was at ground level and contained large windows in which sporting goods were displayed. Apparently defendants conducted a marine business in the summer, selling boats, fishing tackle, and similar equipment, and in other seasons of the year intended to sell hunting and skiing equipment. Large signs between the building and the road advertised the business.

1. What defendants characterize as an earnest money contract is hardly more than a receipt.[1] Whatever dignity that document may enjoy, it is not the instrument which governs the rights of the parties. The precise question was settled in Berger v. First Nat. Bank & Trust Co. 198 Minn. 513, 270 N. W. 589, where a deed containing building restrictions followed an informal prior contract which failed to mention the restrictions. We held (198 Minn. 515, 270 N. W. 590):

"* * * The acceptance and recording of the deed acted as a waiver of any rights that might have existed by virtue of the claimed prior contract, for the latter became *functus officio* on delivery of the deed."

We have held that even if there is a departure from the terms of

---

[1]"Received of Alvin Schneider $30.00 earnest money on purchase price of three acre lots at $1,000.00 each. Said lots 88' of frontage on Hwy # 12 starting at 1972.1' to 2236.1 from E. Corner of NE 1/4 Sec 5 T 28 N R 21 W.

"/s/ Alice M. Bernard"

the contract, acceptance of a deed constitutes a merger of the two instruments and the deed is thereupon presumed to be the final agreement of the parties.[2] In the instant case, it is clear that the deed was not recorded until after counsel for the purchasers had ample opportunity to examine it. Subsequently he released the escrow fund to the vendor with the purchasers' full knowledge of the restriction. The record sustains the trial court's finding that defendants were aware of the restriction when the transaction was consummated, and we hold that their subsequent conduct constitutes acceptance of the terms of the deed as a matter of law.

2. Defendants cite, as authority for the proposition that the restrictive covenant is invalid, numerous cases holding that contracts calling for performance in violation of the law are void and unenforceable. We do not regard these decisions as applicable. Here the zoning ordinance excludes dwellings from areas zoned commercial. The covenant, on the other hand, permitted no building except a dwelling, and prohibited all commercial activity on the premises. The deed does not *require* the grantees to perform any act in violation of the ordinance. It is true that defendants have put themselves in a position where there is virtually no legitimate use to which the property can now be put unless the town consents to a nonconforming use. However, in the absence of fraud or mistake, the doctrine which invalidates contracts contemplating illegal performance does not prohibit a sale from a vendor to a vendee merely because the property has only limited value.

Whether the restriction must yield to the ordinance on some other theory we need not now decide. Restatement, Property, § 568, *comment a.* However, it should be borne in mind that unlike the cases which have been called to our attention, the zoning ordinance *preceded* the restrictive covenant in the instant case. Defendants' dilemma was not prompted by any governmental activity changing the status quo *after* the owners had acquired and developed the property in reliance

---

[2]Hubachek v. Estate of Brown, 126 Minn. 359, 362, 148 N. W. 121, 122; see, also, Lehman v. Stout, 261 Minn. 384, 389, 112 N. W. (2d) 640, 643.

on existing zoning conditions. Nor are the rules governing covenants which are more restrictive than zoning ordinances applicable, since the commercial designation in the instant case expressly prohibits a higher use.

In our view of the matter the restrictive covenant against commercial activity must be given effect until such time as either the municipality invokes the zoning law or the defendants have exhausted the administrative remedies with respect to variances secured to them by the ordinance itself. We do not now intimate what the outcome should be if the municipality proceeds against the defendants for maintaining a residence on the premises. However, it is incumbent upon defendants to make the most of the situation they have created. Accordingly, we hold that for the present they are bound by the terms of the covenant and may not use the premises for commercial purposes. Defendants have contrived to put themselves in a position where they are not only violating the conditions of the deed but the conditions of the zoning ordinance, prohibiting the construction of a dwelling, as well. Their efforts to modify the provisions of the covenant having failed, they must now resort to those sections of the ordinance which establish machinery for securing authority from the town board to continue a use at variance with the restrictions against residential buildings. We do not suggest what effect a denial of that application will have since the town is not a party to these proceedings. However, it may be significant that defendants applied for, secured, and relied on a building permit issued by the town building inspector before proceeding with construction. The improvements were authorized in the following language: "Bus. Dwelling. * * * It will be a Hardware and Sporting goods Business in the basement Residential main floor." While there is no record of any action which may be construed as an official order of the town board authorizing a variance, it seems likely that the board will act favorably on the application in the light of the building permit and what appears to be at least the tacit acquiescence of the town authorities.

Although there are no decisions precisely in point, we call attention

to People v. Calvar Corp. 286 N. Y. 419, 36 N. E. (2d) 644, 136 A. L. R. 1376, and similar cases[3] holding that a zoning ordinance will not be held unconstitutional until such time as the property owner has exhausted his administrative remedies by attempting to obviate the hardship through an application for a variance.

The judgment is affirmed without prejudice to the defendants' right to pursue whatever remedies may be available to them consistent with the conclusion we here reach, reserving until justiciable the issues which an adverse decision of the town board may raise.

Affirmed.

[3]Bright v. City of Evanston, 10 Ill. (2d) 178, 139 N. E. (2d) 270; Home Life Ins. Co. v. Bd. of Adjustment, 393 Pa. 447, 143 A. (2d) 21; Kay Const. Co. v. County Council for Montgomery Co. 227 Md. 479, 177 A. (2d) 694; Jon-Mar Co. v. City of Anaheim, 20 Cal. Rep. 350; Dunham v. City of Westminster, 20 Cal. Rep. 772; 1 Metzenbaum, Law of Zoning (2 ed.) c. IX-e.