**ST. LOUIS PARK INVESTMENT CO., Appellant,**

v.

**R.L. JOHNSON INVESTMENT COMPANY, INC., Respondent.**

**No. C5-87-731.**

Court of Appeals of Minnesota.

Sept. 1, 1987.

Irwin Ketroser, Minneapolis, for appellant.

Gary E. Persian, Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., and NORTON and MULALLY*, JJ.

## OPINION

NORTON, Judge.

This is an appeal regarding the obligation of respondent R.L. Johnson Investment Company to construct additional office space following the execution of a contract for deed for the sale of property to appellant St. Louis Park Investment Company. The trial court granted respondent's summary judgment motion, finding no issues of material fact regarding either the obligation to construct office space or the duress that was alleged in executing the contract for deed. The St. Louis Park Investment Company appeals. We affirm.

## FACTS

In July 1984, Twinco Automotive Warehouse, Inc. and respondent R.L. Johnson

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

Investment Company entered into a purchase agreement. Shortly thereafter, appellant St. Louis Park Investment Company received an assignment of Twinco's interest in the purchase agreement. The parties agreed to convey the property by a contract for deed and to close on August 31, 1984.

Office space located on the property totalled approximately 5000 square feet, with a tenant, SPS Companies, occupying about 2750 square feet. During negotiations, appellant stressed that its then current lease ended September 30, 1984, and that it required the full 5000 square feet of office space by the closing date.

As a result, the parties included a provision in the purchase agreement requiring respondent to obtain SPS Company's early release from the lease. If respondent failed to obtain the release, it was obligated under the provision to construct an additional 2750 square feet of office space to accommodate appellant. The provision did not state the exact date respondent was required to obtain the early release. The provision further specified that no tenant other than SPS Companies could occupy the property at the time of closing. One day before the eventual September 6, 1984 closing date, respondent obtained a release from SPS Companies terminating its lease as of October 31, 1984.

Prior to closing, appellant's counsel had sent respondent's counsel a proposed draft of the contract for deed, which included language stating that the purchase agreement and its provisions would survive the contract for deed and continue in full effect during the contract for deed term. Respondent's counsel objected to those terms, and executed and delivered at closing a contract that excluded the survival language.

At closing, appellant's counsel objected to the delayed termination of the SPS lease on October 31 as opposed to the August 31, 1984 closing date. He claimed that because the SPS lease did not terminate as of August 31, 1984, respondent was required under the purchase agreement to construct the additional office space. Respondent and its counsel claimed they were not obligated to complete the additional construction because they had complied with the purchase agreement by terminating the SPS lease early. Respondent refused to close under the terms sought by appellant. After consultation, appellant and its counsel decided to close, and executed the contract for deed drafted by respondent's attorney. No additional terms were preserved except as set forth in the contract for deed. The contract for deed thus contained no language regarding the construction of additional office space, or any language extending the effect of the purchase agreement. Respondent asserts that at no time did appellant or its counsel notify respondent or its counsel that they were closing under protest. Appellant, on the other hand, claims it was forced to close under protest because of the need to take possession of the property before it was required to move from its then current location by September 30, 1984.

A few days after the closing, appellant again demanded that respondent construct the additional office space. After respondent refused, appellant constructed the additional office space and initiated this action, claiming economic duress in connection with the purchase and sale of the property. The trial court granted respondent's motion for summary judgment and dismissed appellant's claim. The court cited the doctrine of merger, and found no genuine issue of material fact in dispute because appellant willingly executed the contract for deed, which negated the effect of the purchase agreement and the office construction provision. Further, the court found appellant failed to show a genuine issue of material fact that respondent's conduct rose to the level of economic duress. Appellant contests the trial court ruling, claiming the court erred in granting summary judgment.

## ISSUE

Did the trial court err in granting respondent's motion for summary judgment?

## ANALYSIS

■ Summary judgment is proper under Rule 56 of the Rules of Civil Procedure when:

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law.

Minn.R.Civ.P. 56.03. Facts shall be viewed in the light most favorable to the non-moving party. In such instances, the sole question before the court is whether an issue of established material fact exists. *Bennett v. Storz Broadcasting Co.,* 270 Minn. 525, 531, 134 N.W.2d 892, 897 (1965).

■ Even if the parties to a transaction depart from the terms of the purchase agreement, acceptance of the deed constitutes a merger of the two instruments and the deed is then presumed to be the final agreement between the parties. *Bernard v. Schneider,* 264 Minn. 104, 107–08, 117 N.W.2d 755, 757 (1962). The acceptance of the deed acts as a waiver of any rights that might have existed by virtue of the claimed prior contract. *Id.* After respondent refused to close under appellant's terms, claiming the early release obtained from SPS was sufficient, appellant willingly executed the contract for deed. The executed document included no survival language regarding the purchase agreement and made no reference to the provision requiring additional office construction. Thus, the doctrine of merger or integration dictates that because the contract for deed was accepted and is presumed to be the final agreement, appellant has waived any claim under the purchase agreement.

■ Appellant contends, however, the doctrine may be circumvented and damages awarded under the purchase agreement terms because of the economic duress or business compulsion underlying the transaction. Appellant thus claims there is a genuine issue of material fact that it was subject to economic duress. Economic duress or business compulsion generally is defined as wrongful or unlawful conduct resulting in the pressure of a business necessity or financial hardship, which compels the injured party to execute an agreement against their will and to their economic detriment. *See National Auto Brokers Corp. v. Aleeda Development Corp.,* 243 Pa.Super. 101, 109–10, 364 A.2d 470, 474 (1976); *Puget Sound Power & Light Co. v. Shulman,* 84 Wash.2d 433, 443, 526 P.2d 1210, 1216 (1974). The injured party must have no immediate legal remedy. *National Auto Brokers,* 243 Pa.Super. at 110, 364 A.2d at 474 (citation omitted); 13 S. Williston, *A Treatise on the Law of Contracts* § 1617, at 704 (3d ed. 1970). Merely driving a hard bargain or wresting advantage of another's financial difficulty is not duress. *Id.* at 708.

■ Although a significant number of jurisdictions have recognized duress under the more specific categories of "economic duress" or "business compulsion," Minnesota has yet to address the theory. Minnesota courts only recognize duress as a defense to a contract when there is coercion by means of physical force or unlawful threats, which destroys one's free will and compels compliance with the demands of the party exerting the coercion. *Wise v. Midtown Motors, Inc.,* 231 Minn. 46, 51, 42 N.W.2d 404, 407 (1950). In addition, a claim of duress will not be sustained when the claimant entered into the contract with full knowledge of all the facts, advice from an attorney, and ample time for reflection. *American National Bank of Lake Crystal v. Helling,* 161 Minn. 504, 511–12, 202 N.W. 20, 23 (1925). In *Bond v. Charlson,* 374 N.W.2d 423 (Minn.1985), despite a party's claim that economic stress forced the execution of an employment contract with a party of superior bargaining power, the Minnesota Supreme Court followed the traditional duress theory, determining that "[d]uress is available as a defense to a contract only when agreement is coerced by physical force or unlawful threats." *Id.* at 428 (citing *Wise,* 231 Minn. at 51, 42 N.W.2d at 407). Because appellant executed the deed willingly after consultation with an attorney and was not subjected to physical force or unlawful threats, we find

there is no issue of material fact relating to duress as defined by the Minnesota Supreme Court.

## DECISION

The trial court did not err in granting respondent's motion for summary judgment.

Affirmed.