**RESOLUTION TRUST CORPORATION,**
an instrumentality of the United States Government, as receiver for Midwest Savings Association, F.A., Plaintiff,

v.

**Jack Y. KAHN, et al., Defendants.**

**Jack Y. KAHN, et al., third-party Plaintiffs, Appellants,**

v.

**MYHRE AND YATES PROPERTIES,**
et al., third-party Defendants, Respondents.

No. C8–93–215.

Court of Appeals of Minnesota.

June 22, 1993.

Review Denied Aug. 16, 1993.

Scott J. Otero–Strouts, Minneapolis, for Jack Y. Kahn, et al.

Ronald S. Goldser, J. Gordon Rudd, Jr., Robert M. Goldstein, Zimmerman Reed, Minneapolis, for Myhre and Yates Properties, et al.

Considered and decided by CRIPPEN, P.J., and KALITOWSKI and SCHULTZ, JJ.

## OPINION

HAROLD W. SCHULTZ, Judge.*

Appellants brought an action against respondents for waste, contribution and/or indemnity, and breach of contract based upon a contract for deed between the parties. The trial court concluded the merger doctrine barred appellants' claims and entered summary judgment in favor of respondents. We affirm.

## FACTS

Appellants owned a 23–unit apartment building which they sold to respondents pursuant to a contract for deed. Among other things, the contract for deed required that respondents assume the mortgage payments on the property. Respondents allegedly committed waste on the property between July 1989 and September 1990. They also neglected to pay taxes and make mortgage payments.

In September 1990, appellants took action to terminate the contract for deed pursuant to Minn.Stat. § 559.21 (1990). The statutory termination proceedings were abandoned when respondents agreed to execute and deliver a quitclaim deed of their interest in the property to appellants. The quitclaim deed specifically described respondents' continuing obligations as follows:

> Grantors specifically agree that they, jointly and severally, are responsible and shall pay $765.45 of the real estate taxes due on October 15, 1990, all water, sewer, natural gas, garbage and electric bills through and including September 30, 1990.

In May 1991, Resolution Trust Company, a receiver for the failed Midwest Savings Association, commenced a statutory foreclosure proceeding against appellants. In turn, appellants commenced this action against respondents for waste, contribution and/or indemnity, and breach of contract.

---

\* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## ISSUES

I. Are genuine issues of material fact in dispute?

II. Did the trial court err as a matter of law in its application of the merger doctrine?

## ANALYSIS

■ Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law." Minn.R.Civ.P. 56.03. On appeal, this court must determine whether there are genuine issues of material fact, and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). "In order to successfully oppose a motion for summary judgment, a party cannot rely upon mere general statements of fact but rather must demonstrate at the time the motion is made that specific facts are in existence which create a genuine issue for trial." *Hunt v. IBM Mid Am. Employees Fed. Credit Union,* 384 N.W.2d 853, 855 (Minn.1986).

### I.

■ Appellants claim material issues of fact are in dispute as to the parties' intent in executing the quitclaim deed. The intent of the parties to a written instrument is only relevant when the language of the instrument is ambiguous or reasonably subject to more than one interpretation. *Columbia Heights Motors, Inc. v. Allstate Ins. Co.,* 275 N.W.2d 32, 34 (Minn.1979). Appellants do not contend the language of the quitclaim deed is ambiguous or subject to more than one reasonable interpretation. Therefore, the deed itself must be examined to determine whether, as a matter of law, it constitutes the final agreement between the parties and acts as a waiver of any rights that existed prior to the acceptance of the deed.

■ The quitclaim deed is conclusively *presumed* to express the final agreement of the parties in the absence of fraud or mistake. *In re Brown's Estate,* 126 Minn. 359, 362–63, 148 N.W. 121, 122 (1914). The presumption applies to the subsequent deed even if the parties depart from the terms of the initial deed. *Bernard v. Schneider,* 264 Minn. 104, 107–08, 117 N.W.2d 755, 757 (1962); *St. Louis Park Inv. Co. v. R.L. Johnson Inv. Co.,* 411 N.W.2d 288, 291 (Minn.App.1987). In order to rebut the presumption, there must be some evidence that the complaining party reserved his or her contractual rights for future negotiations. *Brown's Estate,* 126 Minn. at 363, 148 N.W. at 122.

■ Appellants failed to present any facts to support a claim of fraud or mistake. There is nothing in the record to indicate any negotiations between the parties at the time the deed was delivered or accepted, and nothing to show that the obligation to pay the mortgage was reserved for future negotiations. *See id.* In the absence of evidence to overcome the presumption that the quitclaim deed constitutes the final agreement between the parties, we need only determine whether the merger doctrine was correctly applied.

### II.

■ Where the deed constitutes the final agreement between the parties, acceptance of the deed acts as a waiver of any rights that might have existed by virtue of the prior contract. *Schneider,* 264 Minn. at 108, 117 N.W.2d at 757. Here, the vendee reconveyed the property to the vendor pursuant to a quitclaim deed. Appellants contend the merger doctrine applies where the vendee is sued on a deed issued by the vendor, but not where the vendee reconveys the property to the vendor. We disagree. The principles underlying the merger doctrine apply equally to deeds issued by a vendor or a vendee.

■ Contract conditions and stipulations "may be waived or abandoned by the express or implied *mutual consent* of the parties." *Brown's Estate,* 126 Minn. at 362, 148 N.W. at 122 (emphasis added).

The fact the executed document specifically described respondents' continuing obligations demonstrates appellants were fully capable of negotiating the terms of the quitclaim deed. Appellants willingly executed the deed even though it failed to include survival language regarding other aspects of the contract for deed and made no reference to the provision requiring assumption of the mortgage. Once the deed is accepted as full performance of the contract, "the contract becomes merged in the deed, upon which alone the rights of the parties thereafter rest." *Id.* Thus, the merger doctrine dictates that because the quitclaim deed was mutually accepted by both parties and is presumed to be their final agreement, appellants have waived any claims they may have had under the contract for deed. *See St. Louis Park Inv. Co.,* 411 N.W.2d at 291.

Appellants argue further that even if the merger doctrine applies to claims arising under the contract for deed, respondents' assumption of the promissory note and mortgage gives rise to an independent claim. Even if this court were to assume the obligations appellants seek to enforce are collateral, such obligations are also extinguished by the merger doctrine. *B–E Constr. v. Hustad Dev. Corp.,* 415 N.W.2d 330, 331 (Minn.App.1987), *pet. for rev. denied* (Minn. Jan. 20, 1988).

We have considered appellants' motion to strike portions of respondents' brief and find the argument to be without merit. Attorney fees are likewise denied.

### DECISION

The trial court correctly applied the merger doctrine where the vendee reconveyed property to the vendor by deed. Acceptance of the quitclaim deed acts as a waiver of any rights appellants might have had by virtue of the prior contract for deed.

**Affirmed.**