**William L. BRUGGEMAN, et al., Appellants,**

v.

**JERRY'S ENTERPRISES, INC., Respondent.**

No. C9-98-212.

Court of Appeals of Minnesota.

Sept. 1, 1998.

Review Granted Oct. 29, 1998.

David F. Herr, James F. Killian, Michael C. McCarthy, Maslon Edelman Borman & Brand, LLP, Minneapolis, for appellants.

Gary A. Van Cleve, James M. Susag, Larkin, Hoffman, Daly & Lindgren, Ltd., Bloomington, for respondent.

Considered and decided by HARTEN, P.J., CRIPPEN, and DAVIES, JJ.

## OPINION

CRIPPEN, Judge.

Appellant sellers challenge the trial court's summary judgment, asserting that the merger doctrine does not apply to a provision in an option agreement that permitted them to repurchase the property if the buyer failed to develop it within two years. Because appellants' repurchase right, which could only be claimed two years after the closing, was both a condition subsequent and collateral to the executed deed, we conclude that the agreement does not merge with the deed, and we reverse and remand for a determination of whether the property was developed.

## FACTS

In February 1994, appellants William Bruggeman and Eugene Zugschwert, as trustee of the Builders Wholesale, Inc. Profit Sharing Trust, gave respondent Jerry's Enterprises, Inc. an option to purchase their commercial real property in Woodbury. The option agreement provided that appellants would be entitled to repurchase the property if respondent failed to improve it within two years of closing.

Respondent exercised its option in August 1995 and appellants' counsel drafted two separate deeds, conveying the property to respondent. Neither deed referenced the option agreement or any rights arising thereunder. Two years later, appellants notified respondent that they intended to repurchase the property pursuant to the repurchase option provision in the original option agreement. Respondent countered that appellants had failed to preserve any post-closing rights. Appellants filed suit and respondent moved for summary judgment, arguing that appellants had waived any rights they had under the merger doctrine by executing deeds that failed to preserve any post-closing rights. The trial

court, concluding that the deeds expressed the final agreement between the parties, granted respondent summary judgment.

## ISSUE

Did the trial court err in applying the merger doctrine to a repurchase agreement that was both a condition subsequent and collateral to an executed deed?

## ANALYSIS

On appeal from a summary judgment, it is the reviewing court's function to determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990).

### 1. *Minnesota merger case*

■ Appellants contend that the repurchase agreement is a condition subsequent to the execution of the deeds, and under *In re Brown's Estate*, the leading decision of the Minnesota Supreme Court on the merger doctrine, the agreement is not extinguished. 126 Minn. 359, 362–63, 148 N.W. 121, 122 (1914). Under *Brown's Estate*, unless a party alleges fraud or mistake, when a deed is transferred in connection with an executory contract, "the contract becomes merged in the deed," and, even if the terms of the deed "differ or depart from those contained in the executory contract, [the deed] is presumed to express the final agreement of the parties." *Id.* Under this analysis,

> If any [part of the executory contract] be left unperformed, and a deed in performance of the contract be executed and accepted, the presumption, in the absence of fraud or mistake, is that the omitted acts or things so required were waived or abandoned.

*Id.* This merger doctrine, the court said, applies to any agreement (in this case, for respondent's conveyance rights) in an executory contract that remains unenforceable because acts that are "conditions precedent" to the agreement (the condition in this case is for respondent's development of the tract) remain unperformed. *Id.* But the court added: "The rule does not necessarily apply to acts not made conditions precedent, and

are to be performed in the future, and continue as a charge upon the estate granted." *Id.* Respondent's development obligation in this case was not a condition precedent to its right to a conveyance. The development was to occur in the future. The obligation was in the nature of a charge on the estate conveyed. We agree with appellant that the language of *Brown's Estate* leaves room for excluding conditions subsequent from the merger doctrine.

### 2. *Foreign Jurisdictions*

Appellant also cites a number of cases from foreign jurisdictions holding that repurchase options do not merge with the deed. *See Peterson v. Peterson*, 431 So.2d 672, 673 (Fla.Dist.Ct.App.1983) (holding that an agreement providing for reconveyance of property upon stated conditions did not merge with contemporaneously executed deed); *Land Reclamation, Inc. v. Riverside Corp.*, 261 Or. 180, 492 P.2d 263, 264–65 (1972) (stating that there is no legal requirement that precludes parties from using two instruments rather than one to effectuate an agreement and holding that contract that included provision that grantor could repurchase property at the end of ten years did not merge with a subsequent deed that was vehicle for passing title); *see also Gerald Elbin, Inc. v. Seegren*, 62 Ill.App.3d 20, 19 Ill.Dec. 125, 378 N.E.2d 626, 628 (1978) (holding that although executed deed did not include provision included in contract for the purchase of real estate that provided purchaser would have option to resell property at the end of three years, doctrine of merger did not apply because repurchase agreement could only be executed after the original sale). Although not binding on this court, we find persuasive this appearance of a uniform stance of other courts that have addressed the issue. *See Mahowald v. Minnesota Gas Co.*, 344 N.W.2d 856, 861 (Minn.1984) (surveying foreign authority, finding it persuasive but not binding).

### 3. *Contract law*

We also conclude that fundamental rules of contract law support the application of a "condition subsequent" exception to the

merger doctrine in Minnesota as well. 6 Arthur L. Corbin, *Corbin On Contracts* § 1319, at 313–14 (1962) (arguing that "[a]ntecedent promises of a performance to be rendered subsequently to conveyance are not discharged by any so-called 'merger' ").

#### 4. *Collateral agreements*

Additionally, appellants assert that the repurchase option was collateral to the conveyance of the property and that, contrary to the trial court's conclusion, a collateral agreement is not extinguished by the merger doctrine recognized in Minnesota.

■ Initially, we recognize a distinction between conditions subsequent and collateral agreements. A condition subsequent refers to a future event. A collateral agreement is "one requiring the performance of a collateral act having no necessary relation to the main subject of the agreement." Henry Campbell Black, et al., *Black's Law Dictionary* 294 (6th ed.1990). Here, the parties stated an agreement that could not be performed prior to the conveyance and may have been separate from and without any necessary relation to the delivery of a deed.

The Minnesota Supreme Court has never expressly adopted or rejected a collateral agreement exception to the merger doctrine. This court recently held that collateral obligations are extinguished by the merger doctrine. *Resolution Trust Corp. v. Kahn,* 501 N.W.2d 703, 706 (Minn.App.1993), *review denied* (Minn. Aug. 16, 1993); *B–E Constr., Inc. v. Hustad Dev. Corp.,* 415 N.W.2d 330, 331 (Minn.App.1987), *review denied* (Minn. Jan. 20, 1988); *but see Sullivan v. Eginton,* 406 N.W.2d 599, 601 (Minn.App.1987) (merger doctrine does not apply if the covenant at issue is "a collateral agreement intended to be performed other than by delivery and acceptance of the deed").

■ *B–E Constr.* and *Resolution Trust* both dealt solely with the issue of the application of the merger doctrine to collateral agreements. In this case it is not necessary to decide whether the merger doctrine applies to singularly collateral agreements, because we are presented with an agreement that was both collateral and a condition sub-

sequent. Relying in part on decisions of foreign jurisdictions that uphold collateral agreements, *see, e.g., Knight v. McCain,* 531 So.2d 590, 595 & nn. 1–3 (Miss.1988) (discussing the holdings of other courts), we are persuaded that when an agreement is both a condition subsequent and collateral, the merger doctrine does not apply. *See Sonenstahl v. L.E.L.S., Inc.,* 372 N.W.2d 1, 4 (Minn.App.1985) (noting that foreign cases may be persuasive authority when Minnesota courts have not addressed a particular area of law).

#### 5. *Survival Clause*

Finally, appellants contend, even if the merger doctrine applies to this case, the doctrine only creates a rebuttable presumption that appellants waived their right to demand development of the tract conveyed to respondent, i.e., that the parties intended the conveyance would supercede the prior agreement. *Resolution Trust,* 501 N.W.2d at 705. The parties dispute whether the presumption is defeated by a clause in the executory contract that appellant characterizes as a survivorship provision. The relevant provision states that

> [e]xcept as limited in Article 9 hereof [which lists the seller's warranties], all the terms of this Agreement shall binding upon, inure to the benefit of, and be enforceable by, the parties, and their respective heirs, personal representatives, and assigns.

In contrast, respondent contends, a "true survival clause" should be a variant form of a clause stating that "[a]ll representations and warranties made herein are intended to survive closing and shall not be merged in the deed." Gordon W. Shumaker & Clinton R. McLagen, *Minnesota Real Estate* § 4.20, at 58 (1997).

The survival clause in this case falls short of a model survival clause, but this does not alter our conclusion that the form of the development agreement demonstrates the intention of the parties to create an obligation that survived execution of the deed.

## DECISION

The trial court erred in applying the merger doctrine to a repurchase agreement that was both a condition subsequent and collateral to the executed deed.

**Reversed and remanded.**