JOEL E. WHITNEY and others *vs.* ROBERT B. SMITH and another.

January 21, 1885.

**Vendor and Purchaser—Executory Contract—Alterations.**—An executory contract, until performed, is subject to such alterations as the parties may agree upon.

**Same—Deed Varying from Contract as to Quantity.**—Where a deed, executed and accepted as execution of a contract to convey, differs from such contract as to the amount of land conveyed, the presumption is that the deed, being the last express agreement on the subject, expresses the final purpose of the parties, and that the change was made by mutual agreement.

**Same—Reformation of Deed.**—Hence the mere fact that the contract and the deed do not agree, does not make out a case for the reformation of the deed. It must be proved that the discrepancy arose through fraud or mistake.

Appeal by plaintiffs from an order of the district court for Ramsey county, *Simons*, J., presiding, refusing a new trial after a trial by the court without a jury. In addition to the facts stated in the opinion, the absence of Robert Smith and his heirs from the state was relied on by plaintiffs as taking the case out of the statute of limitations.

*Williams & Goodenow*, for appellants.

*Woods & Hahn*, for respondents.

MITCHELL, J. On May 31, 1851, Robert Smith, the ancestor of defendants, executed a contract to convey, free of incumbrances, to Joel

Whitney and D. A. J. Baker, plaintiff's grantors, all the right, title, and interest which he then had in Whitney & Smith's addition to St. Paul. In execution of this contract, Smith, on the 19th day of September, 1851, executed to Whitney & Baker a deed of conveyance, with covenants of title, of a large number of lots in Whitney & Smith's addition, reciting that they were all his interest in said addition. It is alleged in the complaint that, in addition to the lots conveyed by said deed, Smith was, on the 31st of May, 1851, the owner of an undivided one-fourth of block 10 in said addition, but that by mistake this was omitted from the deed. It is somewhat doubtful whether the complaint was framed upon the theory that this was an action for supplemental specific performance, or one to reform the deed. But, it appearing that the deed was executed and accepted in execution of the executory contract to convey, thenceforth the rights of the parties are to be determined by the deed, and not by the agreement, and this action can only be maintained as one to reform or correct the deed, and not for the specific performance of the contract.

The theory of the plaintiffs seems to be that if a deed of conveyance, executed in the performance of an executory contract to convey, differs from such contract as to the amount of land conveyed, a case is thereby made out for reforming the deed. Such, we apprehend, is not the law. An executory contract, until fully performed, is subject to such alterations as the parties may agree upon; but when it is fully consummated, and a deed made in pursuance of it is accepted, it is presumed that the deed gives full expression to the final purpose of the parties; and if the deed differs from the contract, the deed itself, being the last express agreement on the subject, would be *prima facie* evidence that the change had been mutually agreed on. Hence the mere fact that the contract and deed do not agree, will not authorize the interference of a court to correct the deed. This can only be done when other proof is given that the discrepancy has arisen through fraud or mistake. *Long* v. *Hartwell*, 34 N. J. Law, 116; *Rowley* v. *Flannelly*, 30 N. J. Eq. 612; *Hileman* v. *Wright*, 9 Ind. 126; *Crotzer* v. *Russel*, 9 Serg. & R. 77; *Seitzinger* v. *Weaver*, 1 Rawle, 377; *Stecker* v. *Shimer*, 5 Whart. 452; *Wilson* v. *McNeal*, 10 Watts, 422; *Jones* v. *Wood*, 16 Pa. St. 25; *Houghtaling* v. *Lewis*, 10 John. 297.

Therefore, assuming that in this case there was a discrepancy between the contract and the deed, it was still incumbent on plaintiffs to establish by evidence that this arose from mistake. This deed was executed over 33 years ago, and has been, presumably, in the possession of the grantees ever since. They must have known, and the court very properly finds that they did know, what it conveyed. It is not possible, certainly not probable, that during all these years they did not know that this block, situated almost in the heart of the wholesale centre of the city of St. Paul, was not included in the deed. Until shortly before the commencement of this action, it does not appear that they ever claimed, or supposed they had any claim to, the property. Although Smith, the grantor, lived some 16 years after the execution of the deed, yet it does not appear that any claim or suggestion of a mistake was made in his life-time.

There is not a particle of evidence that Smith omitted this block by mistake, or that he ever supposed that it was to be included in the deed. The only *scintilla* of evidence tending to show a mistake on the part of the grantees is the very equivocal statement of Baker, that "he first learned that this property was omitted from the Smith deed in 1879." The reason why this block was not included in the deed, and was probably never intended to be included in the contract, is perfectly evident. As found by the court, it was intended by the original owners, Smith & Whitney, when they laid out and platted the land, to dedicate this block to public use as a public square. And it was their understanding, at the time this contract and deed were executed, that it had been so dedicated; all of which facts were well known to Baker and Whitney. This furnishes the best of reasons for the conclusion that it was never the understanding of the parties that the block was covered by the contract, or was to be included in the deed, and amply justifies the finding of the court to that effect. It is highly improbable that it was ever in the minds of the parties that Smith should convey, with covenants of title, property which was supposed to have been already dedicated to public use forever. The fact that it was understood that the property had been thus dedicated, makes the recital in the deed, that the property conveyed comprised all the grantor's interest in that addition, entirely consistent with the con-

clusion that the deed in fact covered all the property which the parties intended it should. The lapse of time—over 30 years—before this suit was commenced, and the fact that no objection was raised to the form or effect of this deed until long after the death of the grantor, adds greatly to the presumption against the plaintiffs, and increases the necessity for clear and incontrovertible proof of the facts upon which they found their claim for relief. Such proof is entirely lacking. In fact, the entire weight of evidence is against them.

Order affirmed.