## OLE ROSENDAHL AND ANOTHER v. MUDBADEN SULPHUR SPRINGS COMPANY AND ANOTHER.

## THE MINNESOTA LOAN & TRUST COMPANY, APPELLANT.[1]

### December 26, 1919.

### No. 21,561.

**Vendor and purchaser—purchase money lien—subsequent mortgage.**

> The plaintiffs gave a contract of sale of certain lands and the grantees assigned to the defendant Mudbaden company. The contract provided that when the purchase price was reduced by payments to $18,000, a deed should be executed by the grantors, and notes for $18,000 should be given by the grantees, and that the grantees until the payment of the purchase price should suffer no lien to attach, should pay all taxes, and should keep up insurance the proceeds of which, in case of loss, should be used in rebuilding or should be paid to the grantors. The plaintiffs gave a deed to the Mudbaden company, pursuant to this contract, which recited that it was subject to all its terms and conditions, the company gave its notes, and afterwards mortgaged to the defendant trust company. It is *held* that the contract reserved a lien for the purchase price which survived the giving of the deed and which is superior to the mortgage to the trust company.

Action in the district court for Scott county to establish a lien against certain premises prior to the mortgage of defendant trust company, to recover possession of the premises and $4,000 damages. The case was tried before Tifft, J., who made findings, and ordered judgment in favor of plaintiffs for $14,416.67. From an order denying its motion for a new trial, the Minnesota Loan & Trust Company appealed. Affirmed.

*C. J. Williams* and *Cohen, Atwater & Shaw,* for appellant.

*O. A. Brecke* and *Wilbur H. Cherry,* for respondents.

DIBELL, J.

On March 1, 1911, the plaintiffs entered into a contract to convey cer-

[1]Reported in 175 N. W. 609.

tain lands to Thenus M. Larsen and Olaf Rosendahl for the sum of $30,000. It provided that when the purchase price was reduced by payments to $18,000 the grantors would give a warranty deed, and the grantees would give notes aggregating $18,000, each for $83.33, one due each month. The grantees covenanted that until the full amount of the purchase price was paid they would not permit or give a lien upon the premises; that they would pay all taxes; that they would keep the buildings insured, and that in case of loss the proceeds of the insurance would be applied to rebuilding or would be paid to the grantors up to the amount then unpaid on the purchase price. There was a provision to the effect that if there should be a default there should be a forfeiture. Afterwards the grantees assigned the contract to the defendant Mudbaden company. On June 14, 1915, the plaintiff conveyed to the Mudbaden company as assignee of Larsen and Rosendahl, and the company gave its notes amounting to $18,000. The deed contained this provision:

"This deed is executed pursuant to that certain contract of sale of said premises executed by the first parties to Thenus M. Larsen and Olaf Rosendahl, dated March 1, 1911, which contract has been assigned to the second party hereto, and the conveyance hereby made is subject to all the terms and conditions of said contract."

Afterwards the Mudbaden company made a mortgage for $100,000 to the defendant Minnesota Loan & Trust Company.

The court found the amount due the plaintiffs upon the contract and adjudged it a lien upon the premises prior to the lien of the trust company mortgage. The correctness of this holding is all that is involved.

The contract intended that the grantees should have a deed when the purchase price was reduced by payments to $18,000 and that notes should be then executed for such amount. It did not intend that a purchase money mortgage should be executed. It did intend that the grantors should have a lien until the $18,000 was paid. When the Mudbaden company took its deed it was not in discharge of the contract of March 1, 1911, for the recital was that it was made "subject to all the terms and conditions of said contract." One of the terms and conditions was that no lien should be given until the purchase price was paid and this meant until the $18,000 evidenced by notes was paid. That it was the intention of both parties that the unpaid purchase price should be a lien is not open to seri-

ous question. The lien was to continue after the deed and until full payment. The deed was not accepted in full performance of the contract, for it was made subject to its provisions, and the case is not within Hubachek v. Brown, 126 Minn. 359, 148 N. W. 121, and other cases cited therein. The trust company took under the deed and is not in a better position than its mortgagor. The trial court correctly ruled.

Order affirmed.