EUGENE J. PETERS AND ANOTHER v. CLARENCE J. FENNER AND ANOTHER.

199 N. W. 2d 795.

July 21, 1972—No. 43424.

*Lang & Pauly* and *William W. Warren,* for appellants.
*Mansur & Mansur* and *Martin J. Mansur,* for respondents.

Heard before Knutson, C. J., and Otis, Kelly, and Gunn, JJ.

Per Curiam.

This is an action by the purchasers under a contract for deed to require the vendors to specifically perform the contract.

The issues are (1) whether the contract permits prepayment of the purchase price; and (2) whether the purchasers were entitled to attorneys' fees. The trial court held that the purchasers were entitled to prepay the contract, as to which we affirm, and awarded the purchasers attorneys' fees, as to which we reverse.

The earnest money contract entered by the parties provided in part as follows:

"* * * [T]he seller, has this day sold to the buyer for the sum of Thirty-Four Thousand and no/100 ($34,000.00) DOLLARS, which the buyer agrees to pay in the following manner: Earnest money herein paid ($100.00 and $4,900.00, cash on or before ——) and $29,000.00 by Contract for Deed at 8% per annum, $223.84 payable on October 1, 1969 and $223.84 each month thereafter for 300 months until paid in full."

The contract for deed subsequently executed contained the following language, "Payable in monthly installments of *not less than* Two Hundred Twenty-Three and 84/100 ($223.84) Dollars commencing on the first day of October, 1969 * * *." (Italics supplied.) The purchasers tendered the full balance due on the contract and demanded a deed, which the vendors declined to deliver.

1.   Citing Fleisher Engineering & Constr. Co. v. Winston Bros. Co. 230 Minn. 554, 42 N. W. 2d 396 (1950); and Restatement, Contracts, §§ 230, 235, 238, 240, the vendors contend that the earnest money contract contained no prepayment provision and that the contract for deed must be read in conjunction with the earnest money contract. We hold that the terms of the agreement were merged in the contract for deed and that under the doctrine of integration the language of the contract for deed governs. Bernard v. Schneider, 264 Minn. 104, 107, 117 N. W. 2d 755, 757 (1962). The words "not less than" conferred on the purchasers an unqualified right to prepay the entire balance as a part of any monthly installment.

2.   The purchasers rely on Indianhead Truck Line, Inc. v. Hvidsten Transport, Inc. 268 Minn. 176, 195, 128 N. W. 2d 334, 348 (1964), to support their claim for attorneys' fees. There, however, the court found that the party against whom the fees were assessed "wrongfully and without cause or justification sought to avoid performance of its obligations under the agreement." In allowing attorneys' fees, we relied on Bergquist v. Kreidler, 158 Minn. 127, 196 N. W. 964 (1924). The Bergquist case involved fraud, and we noted that we did not intend to hold that in all cases the expense of litigation following torts or breaches of contract was recoverable. 158 Minn. 133, 196 N. W. 966. The general rule denies the right to recover attorneys' fees. Midway Nat. Bank v. Gustafson, 282 Minn. 73, 82, 165 N. W. 2d 218, 224 (1968). Where the refusal to perform is based on a mistaken but good-faith dispute over the interpretation of a contract, it is not an appropriate case for the allowance of attorneys' fees. Accordingly, the trial court is reversed as

to that issue. No costs shall be allowed to either party on this appeal.

Affirmed in part and reversed in part.

Mr. Justice MacLaughlin, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.