William L. BRUGGEMAN, et al., Respondents,

v.

JERRY'S ENTERPRISES, INC., petitioner, Appellant.

No. C9–98–212.

Supreme Court of Minnesota.

April 15, 1999.

---

Gary A. VanCleve, James M. Susag, Larkin, Hoffman, Daly & Lindgren, Ltd., Bloomington, for appellant.

David F. Herr, James J. Killian, Michael C. McCarthy, Maslon Edelman Borman & Brand, LLP, Minneapolis, for respondents.

## OPINION

LANCASTER, Justice.

The issue presented by this appeal is whether the merger doctrine applies to an agreement giving the seller the right to repurchase a parcel of real property if the buyer has not started development of the property within two years. The court of appeals, reversing the district court's grant of summary judgment for the buyer, concluded that the merger doctrine does not apply to agreements that are both a condition subsequent and collateral to the subsequently executed deed. We affirm.

On February 16, 1994, respondents, William L. Bruggeman and The Builders Wholesale, Inc. Profit Sharing Trust, by and through its Trustee, Eugene J. Zugschwert, entered into an agreement with appellant, Jerry's Enterprises, Inc., that gave appellant the option to purchase a parcel of commercial real estate located in the southwest quadrant of Interstate 94 and Radio Drive in Woodbury. The option agreement contained the following repurchase option provision:

> 21.8) *Repurchase Option*—Seller shall have the option to repurchase the Property from Buyer if Buyer has not commenced construction of improvements on the Property within two (2) years after the date Buyer exercises its option to purchase the Property. Buyer's [sic] repurchase option shall be upon the following terms and conditions:
>
> * * * *
>
> To exercise its repurchase option, Seller shall give Buyer written notice thereof within two (2) years and ten (10) days after the closing date on the Property. Within ten (10) days after receipt of Seller's notice, Buyer shall furnish Seller with Buyer's calculation of the purchase price. Within ten (10) days thereafter, Seller shall pay the purchase price to Buyer in cash and Buyer shall deliver to Seller a limited warranty deed for the Property subject only to Permitted Encumbrances described herein. If Seller shall fail to timely notify Buyer of Seller's exercise of the repurchase option, such repurchase option shall lapse and be of no further effect.

The option agreement also included the following "survival" clause:

> 21.2) *Survival*—Except as limited in Article 9 hereof, all the terms of this Agreement shall be binding upon, inure to the benefit of, and be enforceable by, the parties, and their respective heirs, personal representatives, successors, and assigns.[1]

Article 9, which recited the seller's warranties to buyer, provided in part that:

1. A "Captions" clause located on the same page of the agreement stated that the captions in the agreement "are inserted for convenience of reference only and in no way affect the intent or any of the provisions of this Agreement."

(04) Seller has executed no options to purchase, rights of first refusal, or any other agreements currently in effect giving any person or other entity the right to purchase or otherwise acquire any interest in the Property and Seller is unaware of any options to purchase, rights of first refusal, or other similar rights affecting the Property; and

\* \* \* \*

Except for the representations and warranties made by Seller herein, Seller shall sell and Buyer shall purchase the Property in "as-is" condition without further warranty or representation. Each of the representations and warranties contained herein shall survive for a period of one (1) year after the Closing Date.

In June 1995, the parties entered into the first amendment to the option agreement, which extended the term of the original option agreement.

Appellant eventually exercised its option to purchase the property. On August 10, 1995, respondent William Bruggeman, along with his wife, Ruth Bruggeman, executed a limited warranty deed to appellant; respondent Eugene Zugschwert executed a trustee's deed to appellant on behalf of The Builders Wholesale Inc. Profit Sharing Trust. Neither deed made reference to the repurchase option described in the original option agreement. At this time, respondents Bruggeman and Zugschwert also executed and delivered to appellant affidavits which stated that "[t]here are no unrecorded contracts, leases, easements, or other agreements or interests relating to the Premises."

Two years later, respondents notified appellant by letter of their intent to exercise their right to repurchase the property. Appellant responded by letter that it would not tender the property back to respondents. Appellant asserted that even if respondents could establish that appellant had failed to make sufficient improvements to the property, respondents' repurchase rights had lapsed at the time of closing because neither of the deeds of conveyance reserved the re-

purchase right or referred to the option agreement as a "Permitted Encumbrance."

Respondents filed suit in Washington County District Court. The complaint, which alleged breach of contract, equitable estoppel, and creation of a constructive trust, requested that the court order appellant to specifically perform its obligation under the repurchase agreement.

Appellant subsequently filed a motion for summary judgment, arguing that it was entitled to judgment as a matter of law. The district court granted judgment in favor of appellant, concluding that, under the merger doctrine, respondents had waived their repurchase rights by not preserving them in the deeds, which represented the final agreement between the parties. The district court concluded that respondents' condition subsequent argument was "in essence" an argument "that the repurchase option was a collateral agreement" and that the collateral agreement exception to the merger doctrine is not recognized in Minnesota. The district court also concluded that the purported survival language found in the option agreement failed to meet the requirements of a survival clause because it did not clarify that the option agreement's repurchase provisions "shall survive \* \* \* after the closing." The district court denied that application of the merger doctrine would lead to a "harsh result," asserting that respondents had passed over opportunities to "fairly easily" protect their repurchase rights by including a specific provision in the deeds reciting that those rights survived closing.[2]

On appeal, the court of appeals reversed. *Bruggeman v. Jerry's Enterprises, Inc.*, 583 N.W.2d 299 (Minn.App.1998). The court of appeals concluded, based on its reading of Minnesota's merger doctrine cases, foreign case law, and fundamental contract law, that the merger doctrine does not apply to promises such as repurchase agreements that are "conditions subsequent" to closing. *Id.* at 301–02. Recognizing that conditions subsequent differ from collateral agreements, the

---

**2.** The district court further held that respondents' complaint failed to plead or allege sufficient facts to support a prima facie claim of either equitable estoppel or creation of a constructive trust.

court also concluded that even if the repurchase agreement at issue constituted a collateral agreement, the merger doctrine was still inapplicable because the merger doctrine does not apply to agreements that are "both a condition subsequent and collateral." *Id.* at 302. Finally, the court of appeals asserted that even if the merger doctrine had applied to the repurchase agreement, the language found in the option agreement's survival clause, while "fall[ing] short of a model survival clause," was sufficient to rebut the presumption of merger. *Id.*

We granted appellant's petition for further review of the court of appeals' reversal of the district court's grant of summary judgment in its favor.

■ Summary judgment is appropriate when there is no genuine issue as to any material fact and either party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03. When reviewing a summary judgment decision, we must determine whether there are any genuine issues of material fact and whether the lower courts erred in their application of the law. *State by Humphrey v. Delano Community Dev. Corp.*, 571 N.W.2d 233, 236 (Minn.1997). Questions of law are reviewed *de novo. Id.*

■ Over a century ago, we announced our endorsement of the merger doctrine. *See Whitney v. Smith*, 33 Minn. 124, 22 N.W. 181 (1885); *Fritz v. McGill*, 31 Minn. 536, 18 N.W. 753 (1884). The merger doctrine generally precludes parties from asserting their rights under a purchase agreement after the deed has been executed and delivered. As we explained more than 100 years ago in *Griswold v. Eastman:*

Where deeds are executed and accepted in performance of executory contracts to convey, the latter become functus officio, and thenceforth the rights of the parties are to be determined by the deeds, and not by the contracts, the presumption being that the deeds give expression to the final purposes of the parties; and the deeds will be conclusive unless it be shown that the grantees have been led by fraud or mistake of fact to accept something different from what the executory contracts called for, in which cases the courts will give relief as in other cases of fraud or mistake.

51 Minn. 189, 192, 53 N.W. 542, 543 (1892). By 1893, we declared that "[n]o rule of law is better settled" than the doctrine of merger. *Slocum v. Bracy*, 55 Minn. 249, 252, 56 N.W. 826, 827 (1893).[3]

We provided our most thorough discussion of the merger doctrine in the 1914 case of *In re Brown's Estate*, 126 Minn. 359, 148 N.W. 121 (1914). In *Brown's Estate*, we held that a purchaser had, by accepting a deed, presumably waived his rights under the purchase agreement to enforce the seller's promise that it would, prior to closing, procure a reduced fare privilege from the streetcar company. *Id.* at 364, 148 N.W. at 122.

In reversing the district court's grant of summary judgment for appellant, the court of appeals focused on language in *Brown's Estate* indicating that promises to perform acts after closing are not extinguished at the time of closing by application of the merger doctrine. *Brown's Estate* stated that:

The [merger] rule stated applies to all stipulations and agreements contained in the executory contract *by which the performance of specified acts are expressly made conditions precedent to the right to enforce the same.* If any thereof be left unperformed, and a deed in performance of the contract be executed and accepted, the presumption, in the absence of fraud or mistake, is that the omitted acts or things so required were waived or abandoned.

---

3. Over the years, the merger doctrine has come under considerable criticism from legal scholars. Professor Corbin argued in his contracts treatise: "The phrase 'discharged by merger' is * * * merely a 'handy' phrase, of convenient uncertainty and obscurity, that is used so as to avoid the necessity of clear thinking and accurate analysis." 6 Arthur Linton Corbin, *Corbin On Contracts* § 1319 (1962); *see also* Paul Teich, *A Sec-* ond Call for Abolition of the Rule of Merger by Deed, 71 U. Det. Mercy L.Rev. 543 (1994).

Section 1–309 of the Uniform Land Transactions Act (ULTA), approved in 1975, eliminated the doctrine of merger. However, the ULTA has not been adopted in any jurisdiction. *See* Ronald Benton Brown, *Whatever Happened to the Uniform Land Transactions Act?*, 20 Nova L.Rev. 1017, 1018 (1996).

126 Minn. at 363, 148 N.W. at 122 (emphasis added). The opinion goes on, in dicta, to state: "The rule does not necessarily apply to acts not made conditions precedent, and are to be performed in the future, and continue as a charge upon the estate granted." *Id.*

Although we have addressed the merger doctrine on several occasions since *Brown's Estate,* our opinions have generally been limited to recitations of the general rule that all prior agreements are deemed to have merged into the deed. Because of the nature of the issues before us on those occasions, it has not been necessary to discuss the possibility that agreements pertaining to conditions subsequent might not merge with the deed at closing. *See Peters v. Fenner,* 294 Minn. 488, 199 N.W.2d 795 (1972) (involving contract for deed which specifically allowed for prepayment, whereas prior agreement did not); *Bernard v. Schneider,* 264 Minn. 104, 117 N.W.2d 755 (1962) (concerning deed with restrictive covenant language absent from prior agreement); *Berger v. First Nat'l Bank & Trust Co.,* 198 Minn. 513, 270 N.W. 589 (1936) (same); *Rosendahl v. Mudbaden Sulphur Springs Co.,* 144 Minn. 361, 175 N.W. 609 (1919) (holding that application of the merger doctrine was unnecessary because the deed made clear that the conveyance was subject to the provisions of the prior contract); *see also McCarthy's St. Louis Park Cafe, Inc. v. Minneapolis Baseball & Athletic Ass'n,* 258 Minn. 447, 104 N.W.2d 895 (1960) (determining that seller's effort to enforce alleged oral contract giving seller right of repurchase was a parol evidence issue, and that oral evidence of a prior contract was insufficient to challenge the deed's language). We have not squarely addressed, until now, whether agreements to perform acts subsequent to closing are governed by the merger doctrine.

We therefore look for guidance from jurisdictions that have answered the question. When considered as a whole, the foreign case law on the merger doctrine indicates that the rule "is not as broad or absolute as some abbreviated statements of the doctrine might indicate." 77 Am.Jur.2d, *Vendor and Purchaser* § 289 (1997).[4] Many states have carved out exceptions to the general presumption of merger for those situations in which the parties to a real estate transaction would be unlikely to have intended that their contractual agreements be extinguished by a subsequent deed of conveyance. In 1988, the Mississippi Supreme Court surveyed the state of merger doctrine law as it has developed in the states, and concluded that "thirty-seven (37) jurisdictions hold collateral or independent agreements, which are to be performed subsequent to the conveyance, are not merged into the deed of conveyance." *Knight v. McCain,* 531 So.2d 590, 595 (Miss. 1988). Minnesota was one of eleven states that had not addressed the issue. *See id.* at 595 n. 2.

The courts that have carved out an exception from the merger doctrine for conditions subsequent use the exception as a means of giving meaning to the parties' presumed intentions that the agreement survive conveyance by deed. As one commentator explained:

> The idea behind the distinction is this: If the promise is contemplated by the contract to be performed at closing and it is not so performed, then there is some reason to infer that the parties intended that the agreed-upon performance not be required and that the promisee has thereby accepted a substituted performance. On the other hand, if the promise is by its nature not performable until some time after closing, then there is no particular reason to infer that the promisee has agreed to abandon the right to performance, from the mere fact that the undertaking has not been repeated in the deed or other closing papers.

Lawrence Berger, *Merger by Deed—What Provisions of a Contract for the Sale of Land*

**4.** For background on the merger doctrine and its scope, see Annotation, *Deed as imposing upon vendee obligations additional to, or as superseding or merging obligations imposed by, antecedent contract,* 52 A.L.R.2d 647 (1957); Annotation, *Deed as superseding or merging provisions of antecedent contract imposing obligations upon the vendor,* 38 A.L.R.2d 1310 (1954).

*Survive the Closing?*, 21 Real Est. L.J. 22, 33–34 (1992).[5]

We agree that there is no reason to presume that a party has waived its right to performance of a contractual obligation that cannot be performed until sometime after the closing simply by accepting a deed that does not contain a reference to that prior agreement. Because there is no reason that waiver should be automatically presumed in these circumstances, we do not feel it would be equitable to apply a rule that inflexibly assumes that the parties intended waiver, thereby denying parties any chance to pursue their claim in court. We therefore hold that the presumption of merger does not apply to this repurchase option agreement which could not, by its very nature, be performed prior to closing.

Although we acknowledge that many other states also have a broader exception to the merger doctrine for collateral agreements, we do not endorse such an exception. Even opponents of the merger doctrine concede that adoption of a broader exception exempting all collateral agreements leads to a substantial amount of litigation and uncertainty as parties clash over what agreements should be considered "collateral promises." *See* Paul Teich, *A Second Call for Abolition of the Rule of Merger by Deed*, 71 U. Det. Mercy L.Rev. 543, 549 (1994). Moreover, consideration of a broader exception for all collateral agreements is not necessary for us to resolve this matter.

Appellant argues that adoption of *any* exceptions to the merger doctrine would destroy the certainty that results from a bright-line rule. By articulating an exception to the merger doctrine for acts that are conditions subsequent to closing, we do not seek to eviscerate the merger doctrine. The merger doctrine generally works well as a rule that forces parties to respect the "sanctity and finality of a deed." *McCarthy's St. Louis Park Cafe*, 258 Minn. at 456, 104 N.W.2d at 901. The exception we announce today simply removes the presumption of merger from a situation in which the parties would not necessarily contemplate that acceptance of the deed would bar a party from later asserting its contractual rights.[6]

It should also be noted that the merger doctrine merely creates a *presumption* of merger, and that presumption can presently be overcome with sufficient evidence to the contrary. *See Brown's Estate*, 126 Minn. at 364, 148 N.W. at 121 (concluding that the presumption of waiver that arises after conveyance of the deed should be treated as "prima facie only"). Appellant itself acknowledges that courts can already look beyond the deed to a prior contractual agreement, provided that the prior agreement contains a sufficient survival clause.[7]

Appellant also argues that third-party purchasers would be disadvantaged if they did not know of potentially enforceable contractual agreements pertaining to a property that were not included on the face of the deed. However, the Minnesota Recording Act serves to protect bona fide purchasers who purchase a property in good faith and

---

5. The following cases provide examples of courts precluding application of the merger doctrine to contractual agreements to perform acts subsequent to closing:. *Gerald Elbin, Inc. v. Seegren,* 62 Ill.App.3d 20, 19 Ill.Dec. 125, 378 N.E.2d 626, 628 (1978) ("Where the contract provides for other acts besides the conveyance, the contract remains in force after the delivery of the deed until it has been fully performed.") (quoting *Trapp v. Gordon,* 366 Ill. 102, 7 N.E.2d 869, 873 (1937)); *Hutchens Bros., Inc. v. Brownsberger,* 624 S.W.2d 538, 540 (Mo.App.1981) ("Where there are items of agreement outside of and beyond the conveyance itself, particularly with respect to obligations which are to be performed at a time subsequent to the date of the deed, there can be no merger so as to cut off the future obligation."); *White v. Long,* 204 A.D.2d 892, 612 N.Y.S.2d 482, 484 (1994) ("it is well settled that a real property sales contract merges with the deed exception for those provisions * * * which cannot be performed until after conveyance") (citation omitted).

6. It should be noted that Minnesota law already allows some contractual agreements to survive delivery of the deed. *See* Minn.Stat. § 327A.02, subd. 2 (1998) (warranties by vendors of dwellings survive the passage of title).

7. Because we hold that the presumption of merger does not apply to this contractual dispute, we need not address the issue considered by the lower courts regarding the sufficiency of the option agreement's survival clause.

lack notice of others' outstanding rights to the property. *See Chergosky v. Crosstown Bell, Inc.,* 463 N.W.2d 522, 524 (Minn.1990) (citing Minn.Stat. § 507.34 (1990)).

■ Finally, we emphasize that by acknowledging an exception to the merger doctrine for conditions subsequent, we are merely saying that no presumption of merger exists to bar respondents, as a matter of law, from asserting their contract claims. It will be the task of the district court on remand to evaluate the parties' competing claims and determine whether appellant owes respondents a contractual duty to re-convey the property.

Therefore, we affirm the court of appeals' reversal of the trial court's grant of summary judgment for appellant, and remand this case to the district court for further proceedings.

Affirmed and remanded.