James BLANCHE, et al., Appellants,

v.

**1995 PONTIAC GRAND PRIX (VIN: 162WJ12M95F268403), Respondent.**

No. C4–97–2259.

Supreme Court of Minnesota.

Sept. 9, 1999.

Howard S. Carp, Howard L. Bolter, Borkon, Ramstead, Mariani & Letourneau, Ltd., Minneapolis, for appellants.

Susan Gaertner, Ramsey County Attorney, Kathryn M. Eilers, Assistant Ramsey County Attorney, Patrick R. Rohland, Certified Student Attorney, St. Paul, for respondent.

## OPINION

BLATZ, Chief Justice.

On April 10, 1996, police stopped the respondent vehicle, a 1995[1] Pontiac Grand Prix. A small plastic bag containing nine rocks of crack cocaine was found on the pavement next to the vehicle, leading police to believe the vehicle contained the drugs when it was stopped. The vehicle was seized under the administrative forfeiture statute, Minn.Stat. § 609.5314 (1998), which provides for the forfeiture of conveyance devices containing $100 or more of a controlled substance.[2] Appellants requested judicial determination of the forfeiture as set forth by statute. Minn.Stat. § 609.5314, subd. 3 (1998). After the hearing, the district court ordered forfeiture of the vehicle, rejecting appellants' contention that they were entitled to the innocent owner defense. The court of appeals affirmed the district court. We now reverse and remand.

The facts are essentially undisputed. At around 7:30 p.m. on April 10, 1996, an off-duty St. Paul police officer heard gunshots near the intersection of University Avenue and Dunlap Street in St. Paul. As the officer ran toward the scene, he observed three vehicles driving away. One of the

---

1. The lower courts and appellants described the car alternately as a 1994, 1995, and 1996 Pontiac Grand Prix. However, the bill of sale and vehicle registration card show it to be a 1995.

2. A conveyance device "includes, but is not limited to, a motor vehicle." Minn.Stat. § 609.531, subd. 1(a) (1998).

vehicles, a 1995 Pontiac Grand Prix occupied by four males and driven by appellant Carlos Blanche, became ensnarled in traffic. The officer ran to the driver's side of the vehicle with his gun drawn, ordered Blanche to turn off the ignition, and instructed everyone in the car to raise their hands. The officer testified that as he stood behind the vehicle waiting for additional police assistance, the passengers fidgeted and did not comply with his order to keep their hands visible. He further testified that as he waited he had a clear view of the pavement near the vehicle's passenger door and saw no controlled substances on the ground.

When additional police arrived at the scene, the occupants were removed from the vehicle one at a time. After two occupants exited the passenger side of the vehicle, the police found a small plastic bag containing what was later determined to be nine rocks of crack cocaine on the pavement just outside the passenger door. No controlled substances were found in the respondent vehicle, and none of the occupants were charged with an offense relating to controlled substances. Vehicle ownership records indicated James Blanche, Carlos Blanche's father, was the registered owner of the vehicle.

The vehicle was seized pursuant to a statute providing for administrative forfeiture of "all conveyance devices containing controlled substances with a retail value of $100 or more if possession or sale of the controlled substance would be a felony under chapter 152." Minn.Stat. § 609.5314, subd. 1(a)(2) (1998). Appellants James and Carlos Blanche were given notice as required by the administrative forfeiture statute,[3] and both appellants timely exercised their right to demand a judicial determination of the forfeiture by filing a civil complaint.

At the forfeiture hearing, appellants contended that their demand for judicial determination of the administrative forfeiture converted the administrative forfeiture into a judicial forfeiture, with all of its accompanying defenses. Appellants then argued that as they were not privy to and had no knowledge of the presence of crack cocaine in the vehicle, they were innocent owners whose property should not be forfeited. Appellants also asserted that because the crack cocaine was found outside the vehicle and no controlled substance offense charges were filed, the county was not entitled to the presumption of forfeitability accorded in administrative forfeitures. The state maintained that a plain reading of the forfeiture statute shows that appellants are not entitled to an innocent owner defense for forfeitures initiated as administrative forfeitures.

Rejecting appellants' claims, the district court found that Carlos Blanche was the vehicle's owner, that when the vehicle was stopped it contained the plastic bag which held crack cocaine with a retail value of $180.00, and that the vehicle was subject to forfeiture under the administrative forfeiture statute. The district court also found that "[i]t was not proven by clear and convincing evidence that Carlos Blanche was privy to the fact that cocaine was in the Defendant automobile, or that possession of such cocaine occurred with Carlos Blanche's knowledge or consent." *Blanche v. 1996 Pontiac Grand Prix*, No. C4–97–5762 at 3 (4th Dist.Minn.1996). Finally, the district court ordered the vehicle to be forfeited.

The court of appeals affirmed, reasoning that there was sufficient evidence for the district court to find that the crack cocaine was inside the vehicle when it was stopped. *Blanche v. 1995 Pontiac Grand Prix*, No. C4–97–2259, 1998 WL 405018 at *2 (Minn. App.1998). By focusing on the differences between forfeitures initiated as administrative forfeitures and those initiated as judicial procedures, the court of appeals also

---

**3.** There is a presumption that the registered owner of a motor vehicle is the owner of the motor vehicle for purposes of the forfeiture proceeding. Minn.Stat. § 609.531, subd. 6a(b) (1998). James Blanche is the registered owner of the respondent vehicle.

concluded that the innocent owner defense does not apply to administratively initiated forfeitures. *Id.*

## I.

▬ Appellants first argue that the district court erred in finding that their motor vehicle contained a controlled substance, and therefore the forfeiture was improperly initiated as an administrative forfeiture. A district court's findings of fact shall not be set aside unless clearly erroneous. *See Kornberg v. Kornberg,* 542 N.W.2d 379, 386 (Minn.1996). However, we review de novo the district court's determination that the action was properly initiated as an administrative forfeiture, as this presents a question of law. *See Bruggeman v. Jerry's Enterprises, Inc.,* 591 N.W.2d 705, 708 (Minn.1999).

At the forfeiture hearing, a police officer testified that after he stopped the respondent vehicle, he stood behind the vehicle waiting for additional police assistance. From behind the vehicle he had a clear view of the pavement near the passenger door of the vehicle, and he testified that he did not see anything unusual laying on the ground. He testified further that no one passed near the vehicle while it was stopped. After two of the vehicle's occupants were removed from the passenger side of the vehicle, police found a small plastic bag containing crack cocaine on the ground next to the vehicle's passenger side. Appellants asserted that although crack cocaine was found adjacent to the car, a fingerprint analysis conducted on the bag was inconclusive and failed to associate the bag with any vehicle occupants. Further, a trained narcotics sniffing dog did not find any other controlled substances in the vehicle.

▬ At the conclusion of the forfeiture hearing, the district court found that the vehicle at the time it was stopped "contained a sandwich bag containing nine rocks of crack cocaine * * * [with] a retail value of $180.00." The court concluded that the action had been properly initiated

as an administrative forfeiture. In light of the police officer's testimony, we hold that the district court's finding that the vehicle contained illegal drugs is supported by the record and does not constitute an abuse of discretion. Further, as administrative forfeitures may be initiated for conveyance devices containing $100 or more of illegal drugs, we hold that the district court was correct in concluding that the action was appropriately initiated as an administrative forfeiture pursuant to Minn.Stat. § 609.5314.

## II.

▬ Appellants next argue that once an administrative forfeiture is contested, it becomes a judicial forfeiture procedure, and therefore they should have been permitted to plead an innocent owner defense at their forfeiture hearing. The state contends that the forfeiture statutes set out two entirely different forfeiture mechanisms for different types of property, and that forfeitures initiated as administrative forfeitures do not incorporate the innocent owner defense. As this issue presents conflicting interpretations of the forfeiture statutes, we review it de novo. *See Wynkoop v. Carpenter,* 574 N.W.2d 422, 425 (Minn.1998) (citing *Lolling v. Midwest Patrol,* 545 N.W.2d 372, 375 (Minn.1996)).

Against a backdrop of increasing drug crime, the legislature created a scheme permitting forfeitures of property used in connection with drug crimes. The framework for forfeitures of property associated with or connected to controlled substances is set out in Minn.Stat. §§ 609.531–.5319 (1998). In the legislature's own words, these forfeiture laws aim:

(1) to enforce the law; (2) to deter crime; (3) to reduce the economic incentive to engage in criminal enterprise; (4) to increase the pecuniary loss resulting from the detection of criminal activity; and (5) to forfeit property unlawfully used or acquired and divert the property to law enforcement purposes.

Minn.Stat. § 609.531, subd. 1a. In order to achieve its goals, the legislature delineated two types of forfeiture procedures, judicial and administrative. *See* Minn. Stat. §§ 609.5313–.5314 (1998).

■ Both administrative and judicial forfeiture procedures may be initiated to confiscate certain properties found in proximity to controlled substances, and also "conveyance devices *containing* controlled substances with a retail value of $100 or more * * *." Minn.Stat. § 609.5314, subd. 1(a)(2) (emphasis added). Judicial forfeiture procedures may also be initiated to confiscate a conveyance device "if the retail value of the controlled substance is $25 or more and the conveyance device is *associated with* a felony-level controlled substance crime." Minn.Stat. § 609.5311, subds. 2, 3(a) (emphasis added). Importantly, all property subject to administrative forfeiture falls within the definition of property subject to judicial forfeiture.

Judicial forfeiture procedures are initiated when the county files a complaint against the property stating the basis for the forfeiture and gives notice to the owner or possessor of the property. Minn. Stat. § 609.5313. At the subsequent judicial hearing, the property is presumed forfeitable, but the county bears the burden of proof for each act or omission giving rise to the forfeiture by clear and convincing evidence. *Id.* § 609.531, subd. 6a(a).

In addition to judicial forfeiture procedures, the legislature established administrative forfeiture procedures to expedite some uncontested forfeitures. To initiate an administrative procedure, the county does not issue a complaint. Instead, the county seizes the property and gives notice to all persons known to have an ownership or possessory interest in the property, informing them that they may demand judicial review of the forfeiture. Minn.Stat. § 609.5314, subd. 2. If a claimant chooses not to contest the forfeiture, the property is forfeited in 60 days. *Id.* § 609.5314, subd. 3(a). The administrative forfeiture procedure thereby provides a streamlined process for uncontested forfeitures, avoiding unnecessary hearings when forfeitures are not challenged.

■ While creating an expedited process for uncontested forfeitures, the legislature retained claimants' access to the courts to challenge forfeitures of administrative origin. Specifically, the legislature provided that a claimant facing administrative forfeiture of his or her property must upon request receive a judicial determination of the administrative forfeiture. The statute's plain language requires notice to claimants to "conspicuously" state that they have a "right to obtain judicial review" and be warned that "IF YOU DO NOT DEMAND JUDICIAL REVIEW * * *, YOU LOSE THE RIGHT TO A JUDICIAL DETERMINATION OF THIS FORFEITURE AND YOU LOSE ANY RIGHT YOU MAY HAVE TO THE ABOVE DESCRIBED PROPERTY." *Id.* § 609.5314, subd. 2(b)(3). If a claimant demands judicial review of the administrative forfeiture, a judicial forfeiture proceeding is held with the claimant as the plaintiff. *Id.* § 609.5314, subd. 3. As all property subject to administrative forfeiture is a subset of property subject to judicial forfeiture under section 609.5311, subd. 3(a), the process for a judicial forfeiture procedure set out in sections 609.531, subd. 6a, and 609.5311, governs the claimant-initiated judicial forfeiture procedure.

The dissent states that judicial forfeitures and judicial review of forfeitures initiated as administrative forfeitures follow different procedures because judicial forfeiture applies to conveyance devices "associated with" controlled substances while administrative forfeiture applies to conveyance devices "containing" controlled substances. This interpretation ignores the plain and simple fact that *all* property subject to administrative forfeiture is by definition property subject to judicial forfeiture, and so judicial forfeiture procedures must be followed once judicial review is requested.

▮ Important to the consideration of this case are thé statutory limitations on forfeitures. Limitations on forfeitures subject to judicial procedures, whether the judicial procedure is initiated as a judicial or administrative forfeiture, are set out in section 609.5311, subd. 3. The statute states that property may only be forfeited if "its owner was privy to the [unlawful] use or intended use * * *, or the unlawful use or intended use of the property otherwise occurred with the owner's knowledge or consent." *Id.* § 609.5311, subd. 3(d). The statute lists no limitation barring the innocent owner defense from being pleaded in judicial forfeiture proceedings.

This plain reading of the statutory scheme, allowing owners to plead the innocent owner defense, is supported by testimony given during a committee hearing on the proposed forfeiture laws. In response to a legislator's hypothetical concerning an innocent owner's motor vehicle, an assistant county attorney explained that in the case of a co-owned vehicle used to transport more than $250 worth of controlled substances, the county would "notice all of the people with an ownership interest [in the vehicle] and it would be up to them to show that either it wasn't used [in connection with controlled substances] or that they had no knowledge of [the illegal use]." *Hearing on S.F.1937, H. Crime and Family Div.,* 75th Minn. Leg., March 7, 1988 (audio tape) (statement of James Appleby, Asst. Hennepin Co. Atty.). The assistant county attorney's explanation of the forfeiture scheme in response to a legislator's inquiry is consistent with a plain reading of the statute and underscores the legislature's aim to permit the innocent owner defense in all judicial forfeiture procedures.

Contrary to the dissent's and state's positions, the legislature did not set out entirely different procedures for judicial determinations of forfeitures initiated as administrative forfeitures. Rather, in addition to allowing claimants the right to a judicial determination of forfeitability, the administrative forfeiture statute states that for judicial determinations of administrative forfeitures "the appropriate agency must conduct the forfeiture under section 609.531, subdivision 6a." Minn. Stat. § 609.5314, subd. 3(c). Subdivision 6a sets out the burdens of proof for *all* civil forfeiture hearings, stating "[t]he appropriate agency handling the forfeiture has the benefit of the evidentiary presumption of section 609.5314, subdivision 1, but otherwise bears the burden of proving the act or omission giving rise to the forfeiture by clear and convincing evidence." Minn.Stat. § 609.531, subd. 6a(a). Subdivision 6a does not set out different procedures for judicial determinations of administrative forfeitures, nor does it limit the defenses the court may hear.

▮ At best, the failure of section 609.531, subd. 6a(a), to explicitly incorporate the innocent owner defense creates an ambiguity as to whether the defense is available in judicial determinations of forfeitures initiated as administrative forfeitures. If a statute is ambiguous, the court "must ascertain and effectuate the intent of the legislature." *Hersh Properties, LLC v. McDonald's Corp.,* 588 N.W.2d 728, 736 (Minn.1999). Laws should be interpreted so as to make the entire statute effective. *See* Minn.Stat. § 645.17(2) (1998). We cannot reconcile the statute's detailed notice requirements with the limited judicial procedure the state requests and the dissent sets forth. By express statutory language, notice of administrative forfeiture must be given to "all persons known to have an ownership or possessory interest," including a motor vehicle's registered owner. Minn.Stat. § 609.5314, subd. 2(a). While due process requires notice to owners before a forfeiture, it is very unusual for the legislature to go to such lengths to set forth how notice is to be given and what the notice must state. *See* Minn.Stat. § 40A.122, subd. 4 (1998) (notice requirements for eminent domain actions); *id.* § 168.042, subd. 3 (1998) (notice requirements for

sale of vehicles subject to impoundment order). In order to effectuate the legislature's intent, including the unusually stringent notice requirements contained in the administrative forfeiture statute, owners must be permitted to plead the innocent owner defense.

Finally, applying the forfeiture laws without recognizing the innocent owner defense for all judicial forfeiture procedures could lead to absurd results. For example, a person lends her car to a friend. The friend then gives a third person, whom the owner does not know, a ride to a store. The third person has $100 worth of illegal drugs in his pocket, but the driver of the vehicle is unaware of the drugs. If the car is stopped and the third person searched, the owner of the vehicle cannot assert an innocent owner defense. This result, advocated by the state and supported by the dissent, clearly contravenes the legislature's stated purpose when it enacted the forfeiture laws as it neither deters crime nor reduces the economic incentives to engage in criminal enterprises. *See* Minn.Stat. § 609.531, subds. 1a(2), (3).

In this case, the district court found that it had not been proven that appellant Carlos Blanche "was privy to that fact that cocaine was in the Defendant automobile, or that the possession of such cocaine occurred with Carlos Blanche's knowledge or consent." However, the innocent owner defense is an affirmative defense which must be proven by the claimant. *See United States v. All Assets of G.P.S. Automotive Corp.*, 66 F.3d 483, 487 (2nd Cir.1995); *United States v. One 1973 Rolls Royce, V.I.N. SRH–16266*, 43 F.3d 794, 804–05 (3rd Cir.1994). We therefore remand this case for further proceedings in accordance with our decision.

As we hold that the innocent owner defense is available to a claimant who has demanded judicial determination of a forfeiture initiated as an administrative forfeiture, we need not address appellants' con-tention that their due process rights were violated.

Reversed and remanded.

STRINGER, Justice (dissenting).

I respectfully dissent. There is no statutory support for the majority's conclusion that a demand for a judicial determination of the administrative forfeiture converts an administrative forfeiture into a judicial forfeiture where the innocent owner defense is available. The majority trespasses on legislative territory in order to achieve a result it finds more palatable.

The administrative forfeiture and the judicial forfeiture are separate and distinct schemes and remain so even after a demand for a judicial determination has been made. Both the judicial and the administrative forfeiture statutes clearly and unambiguously establish the state's right to seize property and prescribe the procedure in each type of forfeiture. The statutory language simply does not provide for transformation of an administrative forfeiture into a judicial forfeiture upon a demand for a judicial determination. In fact, the administrative forfeiture statute specifically limits the remedies available to a person who requests a judicial determination:

> If the claimant makes a timely demand for judicial determination under this subdivision, the appropriate agency must conduct the forfeiture under section *609.531, subdivision 6a.*

Minn.Stat. § 609.5314, subd. 3(c) (1998) (emphasis added). The statute referenced, Minn.Stat. § 609.531 (1998), discusses forfeitures generally, and subdivision 6a states plainly:

> The appropriate agency handling the forfeiture *has the benefit of the evidentiary presumption of section 609.5314, subdivision 1* [the administrative forfeiture statute], but *otherwise* bears the burden of proving the act or omission giving rise to the forfeiture by clear and convincing evidence * * *.

*Id.* (emphasis added). Likewise, the innocent owner defense found in the judicial forfeiture statute is clearly limited to that statute:

> Property is subject to forfeiture *under this section* only if its owner was privy to the use or intended use * * * or the unlawful use or intended use of the property otherwise occurred with the owner's knowledge or consent.

Minn.Stat. § 609.5311, subd. 3(d) (1998) (emphasis added). The innocent owner defense is not available in the administrative forfeiture statute and its absence can mean nothing more than the defense was not intended to be available. Neither the administrative forfeiture statute nor the judicial forfeiture statute reference each other, and the majority's conclusion that in an administrative forfeiture an owner's demand for a judicial determination converts the proceeding into a judicial forfeiture with all the defenses available is not supported by any legislative authority.[1]

What is clear is that the legislature has provided two separate and distinct proceedings for the forfeiture of property associated with a controlled substance offense – judicial forfeiture and administrative forfeiture. While both schemes serve the same legislative objective – to deter the commission of controlled substance offenses – the majority chooses to ignore the fact that the statutes materially differ with respect to both scope and procedure.

The sweep of the judicial forfeiture statute is formidable and applies to "[a]ll property, real and personal, that has been used, or is intended for use, or has in any way facilitated" a controlled substances offense – that is, any property having even a remote connection with illegal drug activity. Minn.Stat. § 609.5311, subd. 2. The breadth of the judicial forfeiture statute however is tempered by the requirement that the owner of the property was aware that the property subject to forfeiture was associated with unlawful drug-related activity. *See* Minn.Stat. § 609.5311, subd. 3(d). Thus any property having even a minimal nexus to activity involving unlawful controlled substance is subject to judicial forfeiture if the scienter requirement of subdivision 3 can be established by the state.

The administrative forfeiture statute, Minn.Stat. § 609.5314, unlike the judicial forfeiture statute, is limited to specific kinds of property and is commenced by the appropriate government agency seizing the property and giving notice of the seizure in accordance with the statute to the owner or others having a possessory interest. The administrative forfeiture statute creates a presumption of forfeitability not found in the judicial forfeiture statute and the items of property listed in the statute as subject to this presumption – money, precious metals, precious stones, conveyance devices, and firearms found in proximity to controlled substances or tools of the drug trafficking trade – are items commonly and directly related to illegal drug activity. *See* Minn.Stat. § 609.5314, subd. 1(a).

The method of commencing a proceeding and the differing burdens of proof in the two forfeiture statutes further underscores their different purposes. Judicial proceedings are initiated by filing a complaint against the property stating the basis of the forfeiture claim and notice to the owners, with the petitioning agency carrying the burden of proof of each element of the forfeiture. An administrative forfeiture, on the other hand, is commenced by seizure of the property and notice to the claimant. Only if the claimant demands a judicial determination by a complaint asserting a claim of improper seizure is there a right to a hearing at all, and the claimant bears the burden of rebutting the presumption of forfeiture. As noted above, of

---

1. The majority's assertion that any property subject to administrative forfeiture is also subject to judicial forfeiture is irrelevant. Every armed robbery is also an assault, but the legislature has chosen to treat the narrower conduct quite differently.

particular interest here is that while a judicial proceeding requires that the owner "was privy to the use or intended use described in subdivision 2, or the unlawful use or intended use of the property otherwise occurred with the owner's knowledge or consent," Minn.Stat. § 609.5311, subd. 3(d), neither the administrative procedure itself nor the proceedings for a judicial determination in an administrative proceeding provide such a limitation. *Compare* Minn.Stat. § 609.5311, subd. 3(d), *with* Minn.Stat. § 609.5314. While the administrative forfeiture statute may appear harsh, it is the legislature's determination that it be so and it is not this court's prerogative to circumvent the plain statutory language.

The majority asserts that because there is no rational reason for the distinctions between the different types of forfeiture, a person whose property is seized in an administrative forfeiture proceeding should be entitled to the innocent owner defense. I disagree. It is clear that with respect to the administrative procedure that the legislature intended to provide a speedy process for the seizure and forfeiture of property found to be directly employed in illegal controlled substance activity.

Critical to the majority's conclusion is the assertion that administrative forfeiture proceedings were really designed for uncontested forfeitures. Once again there is no support in the plain statutory language for such a conclusion and in reaching it the majority ignores the important distinction in each type of forfeiture as to the nexus of the property seized to the illegal substance activity. It is quite reasonable to assume that the legislature intended the knowledge of the owner to be irrelevant when the property was directly implicated in such activity, and that forfeiture of the owner's property is the price society is entitled to extract for use of property in illegal drug activity, regardless of the owner's knowledge, because of the close nexus of the property to the illegal activity. The

more indirect the connection between the property and the illegal activity required under the judicial proceeding justifiably raises a greater concern that the property of innocent owners could be unfairly subject to forfeiture. For that reason, the legislature provided for a proceeding *judicial* in nature with the county bearing the burden of proof as to the elements of forfeiture, including, if raised, that its owner "was privy to the use or intended use * * * or the unlawful use or intended use of the property otherwise occurred with the owner's knowledge or consent." Minn. Stat. § 609.5311, subd. 3(d). Accordingly, there is a solid rationale for the availability of the innocent owner defense in a judicial forfeiture proceeding but not in the administrative forfeiture proceeding.

Finally, turning to the majority's assertion that our reading of the statutes leads to an absurd and anomalous result because innocent owners would lose their vehicles to forfeiture, no doubt innocent owners might lose their property when it is involved in illegal substance activity. But if it is absurd, the absurdity lies on the doorstep of the legislature, for that is the result the statutory scheme prescribes. We are not legislators. If a legislative scheme leads to a harsh result, the answer is not for this court to re-write the statute, as the majority would do. We have long recognized that "[c]ourts have nothing to do with the wisdom or expediency of statutes. The remedy for unwise or inexpedient legislation is political and not judicial." *Hickok v. Margolis*, 221 Minn. 480, 485, 22 N.W.2d 850, 852 (1946). Accordingly, it is up to the legislators to make such changes as it deems appropriate.

I would conclude that the district court did not err in holding the defendant vehicle was lawfully forfeited under the administrative forfeiture statute.